### No. 5236.
### First Circuit Appeal.

---

### A. A. ADDISON v. POWELL LUMBER COMPANY.

---

(December 30, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest, Master and Servant —Par. 160 (a).

Where an employee is injured: under the Employers' Liability Act No. 20 of 1914, the employee is entitled to compensation even though he refuses to undergo an operation for hernia, the evidence showing that it will likely cure him,

but the success of the operation can not be guaranteed, a small per. cent being not benefited and ½ of one per cent being fatal.

(Act No. 20 of 1914, Sections 1, 23, 26, and 36.)

Appeal from the 12th Judicial District, Parish of Vernon, Hon. Hal A. Burgess, Judge.

· This is an action for compensation under the Employers' Liability Act. No. 20 of 1914.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Fern M. Wood, of Leesville, attorney for plaintiff, appellee.

W. W. Thompson and Leslie P. Beard, of Leesville, attorneys for defendant, appellant.

ELLIOTT, J. The question presented by this appeal is whether A. A. Addison plaintiff 52 years of age claiming compensation of Powell Lumber Company under Act 20 of 1914 on account of a hernia sustained in his employment can be refused the amount due him under the Act, because he declines to undergo a surgical operation; the evidence showing that it will likely cure or benefit him, therby saving his employer in compensation and benefiting himself for service; but the success of the operation can not be guaranteed; a small per cent are not benefited and a still smaller per cent about ½ of one per cent proving fatal; the plaintiff prefering the compensation provided by the law to taking the risk necessarily attending the chance of being cured or benefited by an operation.

The lower court decided plaintiff was entitled under the law to the compensation provided by the Act and could not be required to undergo an operation and gave judgment in his favor as prayed for.

The defendant has appealed and prays that plaintiff be held not entitled to compensation: an operation having been tendered him and refused.

The Act 20 of 1914 Sec. 1 provides—"and for such employee and employer the payment of the compensation according to and under the terms, conditions and provisions hereinafter set out in this Act shall be exclusive compulsory and obligatory".

Sec. 36 provides: "That no contract rule regulation or other device whatsoever shall operate to relieve the employer in whole or in part from any of the liability created by this Act as herein provided" and Sec's 23 and 26 brings an insurer when insurance has been taken out by the employer within all the obligations and requirements of. the employer.

The employee can elect to come under the law; or decline to the compensation provided by the Act and the courts have no power nor authority to provide conditions to the contrary.

The case of Bronson vs. Harris Ice Cream Co., Inc., 150 La. 455, 90 South. 759, give the reasons of the law and they must prevail.

The authorities cited in brief of defendant and appellant may be based on laws containing a provision requiring the injured employee to undergo an operation in certain class of injuries.

The illustrations cited in defendant's brief considered but it occurs to us that the unimportant injuries or happenings of the kind mentioned would not be imputed to the employer's fault as the proximate cause of the loss which the party brought about by his neglect of such a matter. Plaintiff's injury is a present actual hurt and injury which the operation would very likely cure or benefit but an appreciable risk attends the operation and to hold that plaintiff must undergo an operation else the compensation so exclusively compulsory and

obligatory provided for will be refused is to practically amend the law.

The judgment appealed from is in our opinion correct.

It is therefore ordered adjudged and decreed that the judgment appealed from be affirmed, the defendant and appellant to pay the cost in both courts.