No. 2676

Second Circuit

BRITT v. TEXAS PIPE LINE COMPANY

(June 30, 1926, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 160 (a), 160 (e).**

The court will not order an injured employee suffering from hernia to undergo an operation or lose his right to compensation under the Workmen's Compensation Act No. 20 of 1914.

2. **Louisiana Digest—Master and Servant —Par. 159, 160 (j).**

Where the evidence does not show the extent of injured employee's disability but does show that he is disabled to some extent, there will be judgment under Section 8 of Subsection 1 (c) of the Workmen's Compensation Act No. 20 of 1914 during the period of disability not exceeding three hundred weeks.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926. Editor's note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by David N. Britt against The Texas Pipe Line Company. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellee.

Wise, Randolph, Randall and Freyer, of Shreveport, attorneys for defendant, appellant.

WEBB, J.    The plaintiff seeks to recover judgment against defendant for compensation for permanent total disability to do any work of a reasonable character, alleged to have resulted from injuries received by plaintiff while in the discharge of his duties as an employee of the defendant.

The answer of the defendant was a general denial, and on trial there was judgment for plaintiff as prayed for, from which judgment defendant appeals.

### OPINION.

The plaintiff testified that on July 30, 1925, while he was in the employ of the defendant as a laborer in laying a pipe line, and while in attempting to pick up a pair of tongs used in the work, the tongs hung and he ruptured himself; that he notified defendant on August 22nd and was sent by the defendant's representative to a physician who found an incomplete inguinal hernia and who advised an operation, which plaintiff refused to undergo; that plaintiff, however, returned to his employment and continued in the discharge of the duties incident thereto until about the 1st of December, when he says that he received another strain which aggravated the hernia and which, he claims, has totally disabled him from doing any work.

There is no testimony of other witnesses as to the manner, time or place when the plaintiff claims to have received the injuries. It appears, however, that the plaintiff continued to perform the same or similar services after the date of the alleged accident on the 30th of July until the 1st of December and that on the latter date he was notified that he would be transferred to another place, and plaintiff being unwilling to be transferred quit the employment and several days after the last alleged accident he notified defendant of the injury and demanded compensation, which was refused.

The defenses made are:

1.    That plaintiff has failed to establish by a preponderance of the evidence that he received the injuries as claimed by him, and that such alleged injuries caused his disability.

2.    That the evidence shows that the plaintiff could undergo an operation for the hernia, which would give him relief.

As stated, the only evidence in the record relative to the manner, time and place when the plaintiff sustained the strain which he claims caused the rupture, is that of plaintiff, and the only circumstance which might be said to throw any suspicion upon his testimony as to the facts sworn to by him, is that he did not make an immediate complaint of the injury claimed to have been suffered on the 30th of July nor of the injury claimed to have been sustained on the 1st of December, together with the fact that the injury stated to have occurred on the 1st of December was on the last day of plaintiff's employment.

The question of whether or not the plaintiff did in fact receive the injuries of which he complains, is dependent altogether upon the degree of credence which may be given to his statements, and although the circumstances of his failure to make immediate complaint and of the last injury having been suffered on the last day of his employment should be considered, we do not think that these circumstances can be sufficient weight to warrant us in rejecting the plaintiff's sworn statement.

The trial court, in a written opinion, expresses the view that the only question in the case is as to whether or not the

plaintiff should be ordered to undergo an operation or forego compensation, and from this we conclude that the statement of the plaintiff as to the manner, time and place of the accident was accepted, and we do not find anything in the record which indicates that this was erroneous.

On the question as to whether or not plaintiff should be ordered to submit to an operation, the record shows that the only physician who was called in the case was of the opinion that an operation could be successfully performed with the minimum of danger and that plaintiff's ability to work would be restored, and counsel for defendant insists that whatever may have been held in other cases heretofore decided by this court, where an operation for hernia had been tendered, that the operation should be ordered under the evidence presented in this case.

We said, in Louis J. Martin vs. Wyatt Lumber Company, 4 La. App. 157, that—

"This question of whether or not an injured employee must submit to an operation for hernia or else forego compensation, is constantly agitating the bar and is fruitful of much controversy and litigation. We have considered the question thoroughly and our final conclusion is that we will not order an employee to undergo an operation for hernia or else lose his right to compensation."

The opinion of the physicians who testified in that case was practically the same as that of the physician who testified in the present case, and while the conclusion reached was somewhat based upon the opinion of physicians who had testified as to the dangers of an operation for hernia in other instances, it was a clear expression of the rule which will be followed, and we are of the opinion that we should adhere to the ruling in similar cases where abdominal operations are tendered in compensation cases.

The judgment of the trial court fixed the period of compensation during the period of disability, not to exceed four hundred weeks. However, counsel for plaintiff, in argument before the court, stated that the plaintiff was not totally disabled and that the period of compensation should have been fixed at three hundred weeks, and we are of the opinion that the record sustains this view. However, the evidence does not show the extent of plaintiff's disability or the amount which he is able to earn; but as the evidence does show that plaintiff is disabled to some extent, we shall, under these circumstances, fix the compensation with reference to the amount that the evidence shows the plaintiff was earning, without any deduction.

See Wm. M. McMullen vs. La. Cent. Lumber Co., 3 La. App. 562.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to fix the period of compensation for the period of disability not to exceed three hundred weeks, and as thus amended that the judgment be affirmed.