No. 3027

Second Circuit

---

BURROWS v. ARIZOLA PETROLEUM COMPANY

---

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 160 j.**

The burden of proof in Workmen's Compensation cases, under Act 20 of 1914,

as amended, is on the plaintiff to prove injuries and disability complained of and that they were caused by the accident.

2. **Louisiana Digest—Master and Servant Par. 159, 159 a.**

Under paragraph (e) of Subsection 1 of Section 8 of Act 20 of 1914, as amended by Act 216 of 1924, the Workmen's Compensation Act, where the hearing of an employee is permanently impaired as result of the accident but he is not totally disabled thereby, compensation allowed at the rate of $10.00 per week for 100 weeks, each payment bearing 5% interest from date due.

3. **Louisiana Digest—Master and Servant Par. 160 d, 160 j.**

Medical expenses under Act 20 of 1914, as amended, the Workmen's Compensation Act, must be proven before they can be allowed by the court.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by Frank A. Burrows against Arizola Petroleum Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellee.

Hawthorn & Stafford, of Alexandria, attorneys for defendant, appellant.

ODOM, J. This is a suit under the Workmen's Compensation Act. Plaintiff alleges that he was employed as a common laborer for the defendant company at a daily wage of $5.40, working full time, and that on July 14, 1926, he was injured by a boiler explosion, as a result of which he is now totally and permanently disabled to do work of a reason-

able character; and he asks compensation at $20.00 per week for 400 weeks.

Defendant, in answer, admitted the employment, admitted that plaintiff was injured to some extent by the explosion, but denied that he was totally disabled, and alleged that he is now able to work, and in the alternative alleged that if the court should find and hold that plaintiff did receive injuries to his ears, as alleged, his compensation should be fixed under paragraph (e) of Subsection 1 of Section 8 of the Act, not to exceed 100 weeks.

The lower court found that plaintiff's earning capacity had been reduced to one-third of what it was before the accident, and, as he was earning $35.00 per week, the court gave him compensation at $10.00 per week for not to exceed 300 weeks.

Defendant appealed, and plaintiff moved to amend the judgment by increasing the amount to $20.00 per week for 400 weeks as prayed for.

### OPINION.

While plaintiff was at work a "pop valve" on one of the boilers got out of fix and, while he was trying to repair it, it blew out, causing an explosion which knocked him to the ground. The explosion was near his head and was so great that plaintiff was considerably shocked, his ears were injured, and as a result his hearing is impaired.

He alleged and testified that his whole nervous system was wrecked, that his side is partially paralyzed, and that he is now permanently disabled. But he failed to prove his disability to labor. His testimony on that point is not supported by that of any witness but, on the contrary, is disproved by circumstances and by the testimony of two physicians who examined

**46 La. App.**

him in January after he was injured in July. These physicians testified that they found his hearing somewhat impaired but that in their opinion he was able to carry on his work. They found that he was suffering from hernia but said that was not brought on by the accident.

As stated, plaintiff was injured on July 14, 1926. He consulted attorneys on October 4th following, on which date it seems the petition was drawn and his affidavit attached.

The suit was filed on October 30th and was set for trial on November 23rd. After answer filed on that date, plaintiff amended his petition, alleging that in addition to the injuries alleged in his original petition he was then suffering from double hernia which had been caused by the accident. This, it seems, was the first intimation any one had that he was complaining of hernia. In his original petition there was no mention of a hernia and it is admitted that when he consulted his attorneys about bringing the suit he said nothing to them about hernia. If he ever complained to any one about the hernia being brought on by the accident, the record fails to disclose it. Immediately after the accident he consulted Dr. Patterson who, presumably, lives in LaSalle parish, where the accident occurred. Dr. Patterson sent him to Dr. Wolf at Haynesville. Dr. Wolf sent him to Shreveport, where he was examined and treated by Dr. Oden, Dr. Kerlin, and one other physician.

In all, five physicians examined him immediately after the accident and all prior to the date on which he filed his original petition. Dr. Oden specializes in diseases and disorders of the ear. Dr. Wolf, of Haynesville, sent plaintiff to Dr. Oden to be treated for his ear trouble. Dr. Oden sent him to Dr. Young, who was not in the city at the time. But he was examined and treated by Dr. Kerlin and another physician whose name plaintiff could not call.

Notwithstanding these five physicians examined and treated plaintiff, he did not call any of them to testify as to what they found as to his physical condition following the accident. From the fact that Dr. Oden specialized in diseases of the ear, the presumption is that Dr. Wolf thought plaintiff's injury was to the ears, and the fact that Dr. Oden sent him to Dr. Young, who is a nerve specialist, indicates that Dr. Oden thought his nerves were disordered. None of these physicians are surgeons and none of them, so far as the testimony shows or indicates, treat hernia cases.

The burden in cases of this kind is on plaintiff to make out his case.

If plaintiff's hernia was brought on by the accident, the burden was upon him to show that. Traumatic hernia, according to physicians, is exceedingly painful and produces immediate disability. If plaintiff was so injured by the accident as to produce immediate hernia, or if his abdominal walls were so injured or weakened as to cause hernia to develop gradually, there would have been indications of that fact from the moment of the accident; as, to say the least, there would have been indications of the hernia or of its gradual development prior to the date on which he consulted counsel three months later and during the time he was consulting physicians. But he said nothing to his attorney about it, nor, so far as the testimony shows, did he mention the hernia to the physicians or to anyone else prior to November 23rd, the day on which the case was to be tried. If he had mentioned an

injury to his side or groin to the physicians, that fact was within his knowledge and the proof of it was at hand. The fact that he made no such proof indicates that he was unable to do so. The physicians could have been called or their testimony could have been taken out of court as is the practice in cases of this kind.

When the case was called for trial, plaintiff offered only his own testimony. Leave was granted defendant to take testimony out of court to show plaintiff's condition. In January following plaintiff was examined by Dr. McBride and Dr. Peters in Alexandria. They found that he had hernia, but gave it as their opinion that it was not produced by the trauma but was congenital, and further testified that if it had been produced or brought on by the accident the effect would have been immediate disability and intense pain.

Plaintiff testified that he continued to work for at least a part of two days after the accident. He further admitted that some time after the accident he wrote defendant asking that he be allowed to go back to work, which indicates that he thought he was able to work, and Dr. McBride and Dr. Peters, the only physicians called, say he is able to work.

Under the testimony adduced and under all the circumstances we must reject pl tiff's theory that the hernia was produced by the accident; and from the testimony, that is the only condition which would produce disability.

Plaintiff's hearing is impaired, and that condition was produced by the accident; but, according to the physicians, that impairment is not sufficient to produce disability to do work of a reasonable character.

They say he can hear and understand ordinary conversation across a room. Plaintiff testified that if one person at a time talked to him he could understand, but if more than one talked, he got confused. There is no indication that he experienced any difficulty in hearing questions propounded to him in court.

Our conclusion, therefore, is that the testimony fails to show that plaintiff has suffered any disability to do work of a reasonable character.

But it does show, and in fact defendant admits, that his ears were injured by the accident and as a result his hearing is impaired.

Under paragraph (e) of Subsection 1 of Section 8 of the act where the usefulness of a member or any physical function is seriously, permanently impaired, the court may allow such compensation as is reasonable, not exceeding 65% of wages for a period of 100 weeks. In view of the compensation allowed by the act in cases of specific injuries mentioned and in proportion thereto, we think an allowance of $10.00 per week for 100 weeks will do justice to both parties.

Under the act an injured employee is entitled to medical and surgical expenses not exceeding $250.00. But unless he spends or becomes obligated for that much he cannot recover that amount. In any event, he cannot recover more than he proves.

The testimony shows that defendant's manager told plaintiff to get the best physicians he could find to treat him and that defendant would pay the bills. He did get treatment but he had not paid them, did not know the amount of their charges. They did not render any bills to him. As they made no claims, the

presumption is that defendant paid the bills.

But plaintiff did prove that he incurred certain expenses in going to the physicians which he paid. He is entitled to recover these expenses, amounting to $36.00.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to allow plaintiff compensation at $10.00 per week for a period of 100 weeks under paragraph (e) of Subsection 1 of Section 8 of Act No. 20 of 1914, as finally amended by Act No. 216 of 1924, the payments to begin on July 21, 1926, one week after the accident, each payment to bear interest at 5% per annum after the due date. And further ordered that defendant pay plaintiff $36.00 for expenses incurred, and all costs. And, as thus amended, the judgment is affirmed.