## DUKE v. DENGAIL OIL & GAS CO. et al.
### No. 4786.

Court of Appeal of Louisiana. Second Circuit.
March 2, 1934.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Wm. C. Boone, of Shreveport, for appellee.

DREW, Judge.

Plaintiff, Floyd S. Duke, instituted this suit against defendants Dengail Oil & Gas Company and the Ætna Casualty & Surety Company, its alleged insurer, to recover compensation under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended) for a period of 400 weeks, at the rate of $18.20 per week, together with medical expenses in the sum of $250.

Both of the defendants filed general denials to the allegations of plaintiff's petition, and on these issues the case was tried, resulting in a judgment in favor of plaintiff and against the Dengail Oil & Gas Company, as prayed for, subject, however, to a credit of $46.80, compensation already paid. The demands of the plaintiff against the Ætna Casualty & Insurance Company were rejected. From this decision, the defendant Dengail Oil & Gas Company has appealed to this court. Plaintiff has not appealed from the judgment of the lower court dismissing his suit against the Ætna Casualty & Insurance Company.

The testimony discloses that an accident occurred to plaintiff on June 2, 1933, while he was carrying one end of a 4-inch pipe weighing approximately three or four hundred pounds. A fellow employee carrying the other end stumbled and dropped his end of the pipe, causing plaintiff to be caught in a strain and jerked by the falling pipe. He immediately complained of the injury to his back. He did no more heavy work that day and has not worked since.

The amount of compensation per week, if any is due, is not disputed, nor is there any

dispute as to the kind of work plaintiff was performing, which was in the operation of an oil well, and that if he were injured in said accident, it would be compensable. The medical testimony discloses that at the time of the trial plaintiff was suffering from a strain of the left sacro-iliac joint and was incapacitated from performing manual labor of any kind; that the duration of the disability was uncertain and dependent entirely upon the kind of medical treatment he received. It further discloses that if plaintiff had been properly treated immediately after the injury, he would possibly have been well. As the duration of disability is uncertain, we are not called upon to fix any definite period of time he should be allowed compensation.

The principal defense made is that plaintiff was injured in his back in an accident on April 18, 1933, and there is no causal connection between the act of June 2, 1933, and the present disability.

On April 18th, while in the employ of defendant, plaintiff slightly strained his back and was treated for a week or ten days by defendant's physician, and pronounced well. No compensation was paid nor did plaintiff lose any time from work. He continued his heavy manual labor until the accident of June 2, 1933, after which time he was unable to work. This undisputed fact is sufficient to do away with this defense and for us to find that plaintiff's present disability is due to the accident of June 2d and not of April 18th. The lower court took this view of the case and awarded judgment for plaintiff, as prayed for.

Defendant complains seriously of the award of $250 for medical and hospital bills, which have not been incurred by plaintiff. Immediately after the accident, defendant's physician treated plaintiff for several weeks and the treatment was giving relief, when plaintiff was examined by the physician for defendant's insurer who notified defendant that there was nothing wrong with plaintiff's back and that his trouble was a kidney affection not caused by the accident. Acting on this advice, defendant stopped paying compensation and furnished plaintiff with no more medical treatment. The finding of insurer's physician as to the kidney trouble was clearly erroneous and unjustified. It is significant that this doctor failed to testify

in the case, and in no way was there any effort made by defendant to justify the finding of insurer's doctor. Because of this ill advice, plaintiff was deprived of the treatment needed, and, because of same, his condition has become such as to render his chances for recovery much less than they were at the time he was discharged. Under the testimony, it is clear that, if plaintiff had been given the proper treatment, very likely he would be a well man today and the necessity of this suit obviated. He is now badly in need of treatment and must have it, if he is ever to recover from his injury. If given the proper treatment, it is possible that within a period of six months to two years he will fully recover, and it is shown that the treatment needed by him will cost at least $250. We recognize the general rule that medical fees cannot be recovered unless actually incurred or obligations have been made for same, but due to the facts peculiar to this case, that is, that plaintiff was deprived of treatment due to the ill advice of the physician of defendant, and that treatment is absolutely necessary, which will cost him the full amount of $250, we think this case is an exception to the general rule and that he is entitled to recover on this item.

Plaintiff has answered the appeal praying for damages for frivolous appeal. We do not think this such a case as to justify an award for frivolous appeal.

It therefore follows that the judgment of the lower court is affirmed, with costs.

MILLS, Judge, dissents from that part of the judgment allowing $250 for medical expenses not incurred or obligated for. The right to recover under the Workmen's Compensation Law is purely statutory. The discretion of the courts is limited by its terms as construed.

In Burrows v. Arizola Petroleum Company, 7 La. App. 704, this court held:

"Under the act an injured employee is entitled to medical and surgical expenses not exceeding $250.00. But unless he spends or becomes obligated for that much he cannot recover that amount. In any event, he cannot recover more than he proves."

This rule being recognized as correct in the majority opinion, I do not see how we can depart from it, no matter how strong the equities may be.