**FINLEY v. TEXAS CO. et al.** *
No. 5102.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1935.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellants.

William C. Boone, of Shreveport, for appellee.

## TALIAFERRO, Judge.

Plaintiff, while performing labor under his contract of hiring with defendant Texas Company, suffered an accident producing a left inguinal hernia. The disability following the injury is total and will be permanent unless relieved by surgical operation. He instituted this suit against his employer and its insurer, United States Fidelity & Guaranty Company, to recover compensation at the rate of $17.08 per week for 400 weeks, less $34.16 paid him, and for $250 for medical, surgical, and hospital services, etc.

The major issue raised by defendants' answer, which we are called upon to decide, is that which is tendered by the following averments thereof:

"XI. That immediately after plaintiff claimed to have been injured, and thereafter on or about February 14th, 1935, and again on or about February 20th, 1935, defendants offered plaintiff medical and surgical treatment and hospital care and attention, by physicians and surgeons and at a sanitarium to be approved by him, at their own expense and without cost to him, for his alleged hernia, which offer and treatment he rejected and refused to accept and receive, without reasonable and just cause for doing so.

"XII. That plaintiff's condition is that of a simple inguinal hernia, which medical and surgical treatment would have cured and thus restored him to normal health and physical condition within eight weeks, without suffering, risk or danger to life or health, after which lapse of time his disabilities, if any, would have been removed without impairment of earning capacity."

And, because plaintiff refused to submit to the operation mentioned, defendants contend he is not in a position to require them to make further compensation payments.

Subsequent to filing of answer, defendants sued out a rule on plaintiff wherein he was ordered to submit himself to a surgical operation and treatment for the alleged hernia, to be performed by a named surgeon, or one to be named by the court, at defendants' expense, and without cost to him; or, in the alternative, to show cause why his suit should not be dismissed and his demands for compensation rejected, or further proceedings therein stayed until such time as he shall submit himself to such operation and treatment.

The rule and the suit were tried together. There was judgment for plaintiff as by him prayed for. The court specifically held that it had not the power or authority to compel plaintiff to submit to the operation tendered him by defendants at their expense, or, in default of his so doing, to suspend or stay further proceedings in his suit.

Defendants appealed from this judgment.

The learned trial judge gave lengthy written reasons for his judgment. If the question urged by defendants were new, or had not been frequently passed upon by the Supreme Court and Appellate Courts of the state, adversely to appellants' contentions, we would be disposed to incorporate said reasons in globo herein. We do quote therefrom as follows:

"It appears that his refusal to submit to an operation is definite, unqualified, and at the same time, in view of the advice of competent physicians and surgeons, including his own, arbitrary, giving as his only reason that he does not desire an operation and is afraid of one. His own attending physician advises an operation. All the physicians agree that there is no cure for hernia except by means of surgery; and they further agree that in most instances surgery is successful, possibly in 95% of the cases. It sometimes happens that there will be a recurrence after an operation, but this is rare. None of the physicians who testified could remember ever having lost a patient who underwent an operation for hernia, and they had performed many operations, though, of course, they all grant that in any operation there is a degree of risk.

"It appears to us that this a clear-cut case, presenting squarely to the Court the question of whether or not, under any circumstances, the Court can order a plaintiff to submit to an operation for hernia under pain of suspension of compensation until the result of the operation is determined."

■ The question is no longer open to argument that our courts will not compel an injured workman to submit to a major operation, such as would be in the present case, as a condition precedent to his right to sue for and recover compensation based upon the nature and extent of his disability. Such operations are invariably attended by much pain and suffering, and are never without danger of resulting complications ending in death or greater physical disability than that caused by the ailment which the operation seeks to relieve. These possibilities naturally impel reluctance on the part of the patient to submit to the surgeon's knife, and it is not surprising that a normally constituted person shrinks from the thought that he must undergo such an experience or be deprived of the right to demand compensation for his injury, which, otherwise, he is entitled to. The possibility of loss of life from an operation, though remote, far outweighs any monetary question or consideration entering the case.

Plaintiff's contention is supported by the following decisions involving hernia; others could be cited: Addison v. Powell Lumber Co., 1 La. App. 210; Bossier v. Louisiana Oil Refining Corp., 3 La. App. 205; Martin v. Wyatt Lbr. Co., 4 La. App. 157; Britt v. Texas Pipe Line Co., 5 La. App. 33; James v. Hillyer-Deutsch-Edwards, Inc., 15 La. App. 71, 77, 130 So. 257; Plumlee v. Calcasieu Sulphate Paper Co., 16 La. App. 670, 132 So. 811; Flanagan v. Sewerage & Water Board, 19 La. App. 154, 140 So. 83. Also, by Bronson v. Harris Ice Cream Co., 150 La. 455, 90 So. 759, a knee injury case.

The most recent hernia case, bearing on the question, is that of Crawford v. Tampa Inter-Ocean S. S. Co. (La. App.) 155 So. 409, 413. Plaintiff in that case submitted to an operation for hernia, which was unsuccessful. There was recurrence of the trouble. He declined to undergo a second operation. His position in this respect was held not to have been unreasonable, and compensation was allowed. In discussing the merits of the case, the organ of the court, inter alia, stated:

"We conclude, therefore, that though, in certain cases, it may be reasonable to require an employee to submit to an operation for a simple hernia, nevertheless, in the instant case, by reason of the fact that there was some danger of fatal result and that a first operation had been unsuccessful, the injured party's refusal to submit to an operation was not unreasonable."

We recently maturely considered the question at issue herein in case of Yarborough v. Great American Indemnity Co., 159 So. 438, and held, as reflected from syllabus, that:

"Injured employee's refusal to submit to operation on leg held reasonable as respects minimizing of compensation, where to accomplish operation flesh of femur about exostosis would have to be laid wide open to bone while patient was completely under influence of anaesthetic."

Our conclusions in this respect were approved by the Supreme Court in declining writ of review.

■ Appellants challenge the correctness of the court's award of $250 for medical, hospital, and surgical expenses. We think their position well founded. No expense of this character has been incurred by plaintiff, and none will likely be incurred unless he submits to the tendered operation. The rule is that no amount on account of such expenses may be recovered by the injured employee unless liability therefor has been incurred, or the amount has actually been paid by him for such services or treatment. Under the Workmen's Compensation Law the employer is obligated to furnish such services, not to exceed $250 in value, "unless the employee refuses to allow them to be furnished by the employer." Act No. 242 of 1928, p. 361, § 8, subd. 5. Here we have a clear case of the employer offering to pay the expense of such services and the employee definitely refusing to avail himself of the tender. Coleman v. Butler, 166 La. 138, 116 So. 828; Burrows v. Arizona Pet. Co., 7 La. App. 704; Books v. Keen & Woolf Oil Co., 9 La. App. 288, 120 So. 99.

Appellee relies upon our opinion in Duke v. Dengail Oil & Gas Co., 152 So. 791, 792. That case is not controlling of the present one. The facts of the two are wholly dissimilar as obviously appears from even a cursory reading of them. The facts of the Duke Case, as said by us, were exceptional. We therein said:

"We recognize the general rule that medical fees cannot be recovered unless actually incurred or obligations have been made for same, but due to the facts peculiar to this case, that is, that plaintiff was deprived of treatment due to the ill advice of the physician of defendant, and that treatment is absolutely necessary, which will cost him the full amount of $250, we think this case is an exception to the general rule and that he is entitled to recover on this item."

In answer to the appeal, plaintiff calls attention to the fact that the Texas Company, Inc., is condemned in the judgment with the insurer, whereas the employer's corporate name is the Texas Company; and prays that the judgment be accordingly amended.

For the reasons herein assigned, the judgment appealed from is amended by deleting therefrom the award of $250 for medical, hospital, and surgical services and expenses, and by correcting the name of the employer defendant to read the Texas Company instead of the Texas Company, Inc.; and, as thus amended, said judgment is affirmed with costs.