This is a compensation suit in which the plaintiff seeks to recover from his former employer, W. Horace Williams Co., and its compensation insurance carrier, American Employers' Insurance Company, compensation at the rate of $17.16 per week, for a period of four hundred weeks.
Plaintiff was engaged by W. Horace Williams Company while that company was constructing Camp Polk near Leesville, Louisiana. His job seems to have been to clear off the grounds preparatory to doing some of the construction work. He was part of a crew using a truck in which to haul the logs and branches of trees from off the premises that were being cleared.
In his petition, he alleges that on August 20, 1941, while performing such duties with the others of the crew, at an early hour in the morning, a log which they were trying to load over one side of the truck, caused that side to give way. He was in the truck handling the log on one end and the other members of the crew were on the ground trying to lift the log over. When the side of the truck gave way, in endeavoring to protect himself and the other men with him, by holding on to the log, he was jerked forward and downward. He alleges that the jerk strained and ruptured the muscles of his back as well as his nerves, ligaments, and other physical structures up and down his backbone and hips, all to such an extent that he was laid up for several weeks and has continued to suffer and to be entirely disabled.
He further alleges that he was paid compensation at the rate of $12.48 per week for eight weeks, but claims that he is entitled to the amount demanded of $17.16 as he was receiving wages averaging $26.40 a week. He also asked for the sum of $250 for medical expenses.
The defendants deny that any such accident as alleged by plaintiff happened, and further, that regardless of the same, plaintiff is suffering from any disability. There seems to be no dispute about the wages now claimed, as it is so stated in brief of counsel for the defendants.
Although the actual happening of the accident is denied and counsel for the defendants argue quite at length to show that in their opinion, the proof falls short of showing that it did, they state finally that in order to shorten their brief, they will admit that the accident which is alleged did occur.
With that issue settled, the serious question in the case is whether the accident was responsible for the plaintiff's present complaints, and on which question we have, as usual, the conflict in the testimony of the various doctors who were introduced as experts.
There seems to be more than the usual appearance of a back injury in this case because undoubtedly it is shown that plaintiff has a swelling of some kind on the left side of his back which evidently causes him some pain. Whether the pain is reflected throughout various portions of his body as he testified is of course open to question but the fact remains that he has a certain rigidity of some muscles in his back and some swelling, which prevents him from bending over as a man normally should. The defendants' own doctors seem to admit as much, but what they don't agree with in the other doctors' testimony is that plaintiff cannot have the serious torn muscle condition which some of them testified about.
Dr. R. Strother, who was called by the plaintiff, seems to be of the opinion that he is suffering from neuritis. Neuritis is discounted by Dr. S.F. Frazer, one of defendants' witnesses, who seems to give plausible reason why it could not result from the accident. As Dr. Strother is the only one who testified about neuritis, probably that diagnosis could be ignored, but it is noted that he also testified that plaintiff's muscles are very rigid which is what most of the other doctors seem to find also. Particularly is this the finding of Dr. F.P. Jones with whose testimony we are particularly impressed. Dr. M.S. Stevens who also testified for the plaintiff went a little further perhaps than Dr. Strother and Dr. Jones and although he was put to a rather severe test on cross-examination with regard to the names of certain muscles of the back which he could not recall, we do not think that that can be said to have affected his testimony in the main.
Dr. G.C. McKinney testified strictly as an x-ray expert and all that his testimony shows is that from his point of view the x-rays were completely negative as to a back injury. Dr. T.H. Watkins whose testimony is used to greater advantage by the defendants than any other, related *Page 35 
how he tried to induce the plaintiff to take gas so that he could give him some form of muscle manipulation and that he refused. This made the better part of defendants' argument that the plaintiff should not be entitled to compensation because he would not co-operate and accept treatment that was tendered him. The testimony regarding this treatment is rather vague and as we view it we do not think that Dr. Watkins meant that it was intended to act as a cure for the plaintiff's condition. It seems as though it was more in the nature of an experiment intended to find out what would be the consequences and probably to afford him relief from pain. Certainly it falls short of showing that plaintiff refused to undergo treatment which would relieve his disability entirely. Besides, it involved the taking of a general anaesthetic and there is good reason why some patients might refuse to undergo anaesthetics in any form. The impression we are left with from Dr. Watkins' testimony is that he found this plaintiff suffering from some back ailment since he advised or recommended the treatment and on plaintiff's refusal to take it, he strapped his back with adhesive tape.
Dr. Frazer, the remaining doctor who testified for the defendants, at first did not find anything to justify the complaints of the plaintiff and he endeavored by a rather technical explanation to show that he could not have sustained any such serious muscle injury to his back as complained of. He says that when he examined the plaintiff he found no objective symptoms whatever of any injury, but when asked to examine him again at the trial of the case he reported immediately that he found that same swelling some of the other doctors testified about. One very significant thing about his testimony is that he would not pass the plaintiff on an examination for industrial work. He gives as his reason that plaintiff has a sort of delusion of injury, but no matter on what ground he bases it, the fact remains that he would not pass him and that results in the conclusion that the man is disabled.
To sum up therefore we may state that we have here a back injury which is perhaps more aggravated from the standpoint of the medical testimony than a good many other cases in that we have at least some objective signs of the injury itself and we have the testimony of most of the doctors who are convinced that there is a certain stiffness or rigidity of the muscles which no doubt interferes with plaintiff's power of locomotion. From the testimony we can conclude that the plaintiff is actually suffering at least in that region of his body and although he may exaggerate his pain to some extent, the evidence discloses that he is not able to go on and carry out his duties of hard manual labor. Therefore it must be held that he is disabled within the contemplation of the compensation statute, Act No. 20 of 1914, and entitled to recover on his demand.
As pointed out in brief of counsel for defendants, however, the trial court was in error first in decreeing a judgment for a lump sum instead of following the usual form of judgment in compensation cases and as provided for in the statute, and also in failing to give the defendants credit for the amounts previously paid plaintiff.
With regard to the $250 allowed for medical expenses we find that the evidence fails to show that plaintiff expended any amount whatever or that he became obligated in any way for medical treatment, and under the authority of Finley v. Texas Co. et al., La.App., 162 So. 473, and Hibbard v. Blane, La.App., 183 So. 39, he is not entitled to recover on that item. The judgment is therefore erroneous in that respect.
We find it necessary to amend and recast the judgment, and for the reasons stated, it is now ordered that the judgment appealed from be amended and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Kit Sewell, and against the defendants, W. Horace Williams Company, a commercial partnership, composed of C.G. Capell, J.L.V. Grenier, R.E. Gosa, J.H. Lane, J.K. Woolf and W. Horace Williams, and the American Employers' Insurance Company, in solido, condemning the said defendants and each of them in solido, to pay to the said plaintiff weekly compensation at the rate of $17.16 during the period of his disability, not exceeding four hundred weeks, subject to a credit for the sum of $107.84 heretofore paid him, and it is further ordered that the plaintiff's demand of $250 for medical expenses be and the same is hereby rejected and denied. All costs to be paid by the defendants, appellants herein. *Page 36