REDMANN, Judge.
Plaintiff appeals from the denial of penalties and attorney’s fees under La.R.S. 22:658 for defendant insurer’s failure to resume payment of workmen’s compensation benefits.
The statute penalizes non-payment which is “arbitrary, capricious, or without probable cause”. Evidently the trial judge deemed this not such a-non-payment. Rele *283 vant circumstances include: first, plaintiff had been in an automobile accident (not further described in the record) nine days after her .fall at work (for which she was already being treated); second, the initial orthopedist had found no indication of herniated disc (despite his qualified approval to the treating physician for return to work “on a trial basis”); third, when plaintiff thereafter again complained, that same orthopedist re-examined her and still found no “muscle spasm or other signs of organic disease”; and fourth, when plaintiffs personal physician wrote to inform the insurer (three and a half months after the first treating physician had pronounced her fit to return to work and compensation payments had been terminated) that a discogram showed a ruptured disc, he wrote “it is absolutely impossible to stipulate the causation of the herniation of the disc, although, we feel that it can be due to slippage, falls, improper lifting, etc.”
We accept as within the fact-finding province of the trial judge the determination that these circumstances made the causation of the disc injury questionable.
However, we note that defendant offered no evidence of any other probable cause (not even the automobile accident — whether a light bump or a severe collision is not shown). Since plaintiff admittedly had a compensable back injury initially, which never became wholly symptom-free, defendant had no reasonable hope that a trial court would not conclude that the herniated disc confirmed within a few months was, more probably than not, the result of the fall at work. Because defendant had no evidence and no legal theory to escape liability, its refusal to resume compensation payments must be held as “arbitrary, capricious or without probable cause” within R.S. 22:658. See Walker v. Gaines P. Wilson & Son, Inc., La., 1976, 340 So.2d 985; Seal v. Lionel F. Favret Co., 1959, 238 La. 60, 113 So.2d 468.
The judgment appealed from is amended to award penalties of 12% on all overdue weekly compensation payments and attorney’s fees of $3,000, at defendant’s cost.