SCHOTT, Judge.
Defendants have appealed from a judgment in which plaintiff was awarded $29,-282.43 for workmen’s compensation benefits. The trial judge gave the following reasons for his judgment:
“Viewing the medical opinions in a light most favorable to the injured employee, *747 the Court concludes that plaintiff is permanently partially disabled and is entitled to receive maximum partial disability compensation at the rate of SIXTY AND 10/100 DOLLARS ($60.10) per week for 400 weeks, which amounts to $24,040.00 less a credit of $1,466.40 previously paid. This results in a net figure of $22,573.60.
“The Court is of the opinion that the defendants were arbitrary and capricious in terminating Mrs. Lott’s compensation payments without any medical authorization that she was able to return to work. Penalties of 12% of the compensation due, amounting to $2,708.83, and attorney’s fees of $3,500 are awarded to the plaintiff.
“This results in a total figure of TWENTY-NINE THOUSAND TWO HUNDRED EIGHTY-TWO AND m/m DOLLARS ($29,282.43) with legal interest until paid.”
Appellants have limited their complaint in this court to the manner in which the trial judge computed compensation due plaintiff. They contend that plaintiff is entitled to only $25.00 per week and that the judgment should be recast to award her $25.00 a week for 400 weeks subject to a credit of $1466.40 previously paid.
This case involves an injury which occurred on January 22, 1976, so that the compensation act as amended by Act 583 of 1975 is applicable.
One of the changes in the new act is in the definition of benefits due an employee for partial disability under LSA-R.S. 23:1221(3). Before the passage of the 1975 amendment this provision was as follows:
“For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.”
However, the new act’s definition of partial disability is:
“For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks . . . .”
Now, the particular disabled workman is entitled to a flat two-thirds of the difference between the wages he was earning at the time of the injury and any lesser wages which he actually earns thereafter. See Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977), LeBlanc v. Commercial Union Assur. Co., 349 So.2d 1283 (La.App. 1st Cir. 1977), writ refused, La., 351 So.2d 174. Thus, the $60.10 figure used by the trial judge was the proper amount of compensation to be awarded.
However, we do not find from the wording of the act authority for the trial judge to award a lump sum of compensation to plaintiff. Furthermore, the statutory intent is to credit the employer of the injured workman with any actual earnings accruing to the employee during the 400 weeks of benefits. Therefore, the judgment must be amended to award plaintiff $60.10 per week for a period of 400 weeks, subject to a credit of the $1466.40 previously paid to her.
Appellants have not complained of the remaining portions of the judgment so that these will remain unchanged.
Accordingly, the judgment appealed from is affirmed but is amended to decree that plaintiff is entitled to workmen’s compensation benefits for partial disability, i. *748 e., $60.10 per week for 400 weeks, subject to a credit of $1466.40 previously paid in lieu of the lump sum of $22,573.60 for benefits. The judgment is further subject to credit for any earnings by plaintiff after its date on a week-for-week basis. Penalties are reduced to 12% of past due benefits only. R.S. 23:1201.2, Kilbourne v. Armstrong, supra, Costa v. Wembley, 346 So.2d 282 (La.App. 4th Cir. 1977). The award of attorney’s fees to plaintiff is affirmed.
AMENDED AND AFFIRMED.