KLEES, Judge.
Plaintiff, Josef E. Schwendinger filed suit against defendants, Ample Electric Services, Inc., and The Continental Insurance Company (incorrectly designated “Fi *56 delity and Casualty Company” in the petition), Ample’s workers’ compensation insurer, seeking workers’ compensation benefits, and against defendants, Frank James (Jimmy) Leteff, Vincent Bruno Construction Company, Vincent Bruno, Mary Bruno, wife of/and Anthony Caruso and Ample Electric Services, Inc., on an intentional-tort theory of recovery, for injuries and damages sustained when Josef Schwen-dinger fell from a ladder.
Both claims were tried to the district court, and judgment was rendered on October 27, 1982, on the workers’ compensation claim, in favor of plaintiff and against defendants, Ample Electric Services, Inc. and The Continental Insurance Company in the amount of $15,000, but denying penalties and attorney fees. Plaintiff was denied relief for the intentional tort claim.
Defendants, Ample Electric Services, Inc., and the Continental Insurance Company, have appealed, complaining of the trial court’s adverse decision in the workers’ compensation claim.
Plaintiff appeals from the trial court’s award of a lump sum in the workers’ compensation proceeding; the awarding of an inadequate sum; the failure to award penalties and attorney fees (for failure to pay any compensation benefits); and the dismissal of plaintiff’s tort claim against Ample Electric Services, Inc., and Frank James Leteff.
The issues presented on appeal are: 1) the trial court erred in finding that plaintiff established the occurrence of an accident, 2) the trial court erred in not finding that defendants, Frank Leteff and Ample, intentionally caused plaintiff's injury, 3) the trial judge’s lump sum award was improper, 4) the trial judge erred in not assessing attorneys fees and penalties against defendants, and 5) the amount of the workers’ compensation award was insufficient.
The first issue we address is whether or not the trial court erred in finding that the plaintiff fell off the ladder. At trial, there was conflicting testimony introduced concerning Schwendinger’s alleged fall. The plaintiff testified that while installing an eight foot fluorescent light fixture at the Canal Super Market, a clip holding one end of the fixture failed when his helper Keith Broussard jerked back on the fixture causing it to fall and strike him on the nose. Plaintiff then lost his balance and fell off of the six foot ladder. He noted that in addition to himself and his helper, Broussard, two other Ample employees were present at the time of his fall, Wayne Hosli and John Globel.
Only Hosli testified at trial. His account of the story differed from plaintiff’s as to some logistical facts (actual location in the building where the alleged fall occurred, exact time of day, etc.). Nonetheless, his testimony corroborated plaintiff’s concerning the light fixture hitting plaintiff’s nose and plaintiff ultimately falling off of the ladder.
Keith Broussard (a nephew of defendant, James Leteff) was not present at trial but his testimony was offered into the record through deposition. Broussard’s recollection places only himself and the plaintiff at the scene of the alleged accident and not Hosli and Globel. He acknowledged that the light fixture fell and struck the plaintiff on the nose but suggested that the plaintiff did not fall off of the ladder as a result of the light fixture falling nor any other time.
No testimony by John Globel was offered into the record and he was not present during trial.
Testimony was offered by Defendant James Leteff and his wife, Caroline Leteff, who was also Ample’s bookkeeper, that payroll time cards reflected that neither Hosli nor Globel were present at the Canal Supermarket on the day of the alleged accident.
“[1] In a workmen’s compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidence — i.e., ‘the testimony, as a whole, must show that more probably than [not] .the employment accident caused the disability.’ Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, *57 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).”
West v. Bayou Vista Manor, Inc., 371 So.2d 1146 at 1147 (La.1979)
In the case before the court, the trial judge was better situated to evaluate the contradictions in testimony and the veracity and demeanor of the witnesses. Our review of the record does not show that his conclusion of fact that plaintiff fell off the ladder was manifestly erroneous.
Did the trial court err in not finding defendants, Ample Electric Services, Inc., and Frank Leteff liable as a result of an intentional act which caused plaintiffs injuries? Louisiana Revised Statutes 23:1032 in pertinent part reads:

“§ 1032. Exclusiveness of rights and ■ remedies; employer’s liability to prosecution under other laws.

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word ‘principal’ shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or. employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal resulting from an intentional act.” (Emphasis added)
The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981), sought to define what an intentional act is with regard to the exclusive remedy rule in The Louisiana Workers’ Compensation Act:
“... The meaning of ‘intent’ is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Restatement (Second) of Torts, supra, § 8; Lafave and Scott, Criminal Law, § 28 (1972); see also, Prosser, supra § 8.”
and,
“Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional. See Freeman v. Bell, 366 So.2d 197 (La.App. 2nd Cir.1978) writ denied, 369 So.2d 151 (1979); Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir.1975). See also Langlois v. Eschet, 378 So.2d 189, 190 (La.App. 4th Cir.1979) (word ‘intended’ synonymous with having in mind as an end or aim, implying mind is directed to some definite end), von Dameck v. St. Paul Fire & Marine Ins. Co., 361 So.2d 283 (La.App. 1st Cir.), writ denied 362 So.2d 794, 802 (1978) (if person has such a lack of reason, memory, and intelligence that prevents him from comprehending the nature and consequences of his acts, he cannot intentionally inflict injury).”
“Other cases have addressed the question of whether a tort was intentional and have found that a high degree of probability is not sufficient to find that the tortfeasor actually intended the consequences of his act. E.g. McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3rd *58 Cir.1980).” Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.1982) writ denied, 415 So.2d 953 (La.1982).
Plaintiff asserts that the equipment provided to him by the defendants was faulty and unsafe. He further suggests that the defendants were notified prior to the accident that the ladder in question was too short to safely do the job at the Canal Boulevard Supermarket.
In order for the plaintiff to escape the exclusive remedy rule of the Louisiana Workers’ Compensation Act, it is necessary to establish that defendants, Ample or Le-teff, consciously desired that the plaintiff would fall and injure himself from the use of the six foot 'ladder or that the defendants thought it was substantially certain that the plaintiff would fall if he continued to use the ladder. The record discloses contradictory testimony on the issue of Frank Leteffs knowledge of the plaintiffs assessment that the six foot ladder was unsafe to use at the Canal Boulevard Supermarket. The plaintiff and Hosli testified that the defendant was notified prior to the accident that the ladder was unsafe. The defendant testified that he had never been told that the ladder was too short for the job.
The trial judge in his written reasons for judgment concluded that:
“... the accident was caused not by the ladder, but by the fact that one of plaintiffs helpers permitted a fixture to slip.”
The trier of fact is in a far better posture to view the demeanor of the witness in assessing credibility and veracity. We find no error in the factual and legal conclusion made by the trial court in determining that defendants were not possessed of the necessary intent to commit an intentional act with regard to plaintiffs injury.
In rendering judgment for the plaintiff for his workers’ compensation claims, the trial judge awarded the plaintiff a lump sum in the amount of $15,000. We must reverse that part of the judgment.
It is well settled that there is no statutory authority for awarding plaintiff’s compensation in a lump sum. See Lott v. Brennan’s House of Printing, Inc., 359 So.2d 746 (La.App. 4th Cir.1978), Sewell v. W. Horace Williams Co., 12 So.2d 33 (La. App. 1st Cir.1943), and Bourgeois v. South Central Bell Tel. Co., 407 So.2d 1245 (La. App. 4th Cir.1981).
The record is incomplete with regard to evidence required for the calculation of the appropriate award in this matter. Thus, we must remand this case to the trial court to calculate the amount of benefits due plaintiff, and to take such additional evidence as may be necessary.
Concerning the issue of whether or not the trial judge committed manifest error in not assessing defendants for attorney’s fees and penalties, it must be determined whether proper notice of the job related injury was given to the employer and whether the employer was subsequently “arbitrary, capricious or without probable cause” in denying benefits.
The question of whether proper notice was given and what amounts to “arbitrary, capricious or without probable cause” under the circumstances of this case is a factual determination that must be made in light of the testimony given at trial and the record as a whole.
The requisites of proper notice are set out in Louisiana Revised Statutes 23:1292 through 23:1295.
The trial record includes testimony by defendant Frank Leteff that he had received a letter from plaintiff’s attorney approximately three months after the date of the alleged accident that asserted a workers’ compensation claim on behalf of plaintiff; thus it appears that the requisite notice was given.
Nonetheless, the trial court stated in its Reasons for Judgment,
“There was conflicting evidence as to the reporting of the accident, and other facts surrounding the incident. The Court resolved the question of the occurrence of the accident in favor of plaintiff; but the *59 question of penalties must be resolved in favor of the defendant employer.”
As we previously noted, a reviewing court must give great weight to the conclusions of the trier of fact, and should not disturb its findings absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
“[7] The penalty provided by the statute is very harsh and should not be imposed in doubtful cases. Where there is a bona fide dispute as to the occurrence of the accident or the causal connection between the accident and the disability, an employer’s refusal to pay benefits is in good faith and with just cause. Hall v. Joiner, 324 So.2d 884 (La.App. 3rd Cir.1975); Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3rd Cir.1975).” Crooks v. Belden Corporation, 334 So.2d 725, 727 (La.App. 3rd Cir.1976).
We can find no manifest error in the actions of the trial court in not assessing attorney fees and penalties against defendants.
For the reasons stated above, we affirm the judgment of the trial court in all respects except that portion of the judgment which grants a lump sum compensation award. We remand this matter to the trial court to determine the type of disability and determine the weekly benefits due.
AFFIRMED IN PART.
REVERSED IN PART..
REMANDED.