312 So.2d 377 (1975)
Andrew J. MONK, Jr., Plaintiff-Appellant,
v.
Joe VEILLON et al., Defendants-Appellees.
No. 4966.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*378 J. Minos Simon and Louis M. Corne, Lafayette, for plaintiff-appellant.
Jack Rogers and Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Robert L. Collings, of Collings & Collings, Lake Charles, for defendants-appellees.
Before HOOD, MILLER and WATSON, JJ.
WATSON, Judge.
This is a suit for damages resulting from a bullet wound of the leg. Plaintiff is Andrew J. Monk, Jr., and defendants are: Joe Veillon, owner of the lounge where the shooting occurred; Willie Chaisson, the bouncer who fired the pistol; James E. Wimberly (incorrectly identified in the pleadings as G. W. Wimberly), alleged to be a partner in the lounge operation; and Western World Insurance Company, an insurer having a public liability policy in effect on the date of the shooting.
Plaintiff's petition alleged that on December 1, 1971, Chaisson, while employed as "floor bouncer" at the Sportsman's Paradise Club in Calcasieu Parish shot plaintiff in the leg causing severe personal injuries. After trial on the merits, the trial court gave plaintiff judgment for $25,000 against Veillon and Chaisson, jointly and in solido, but dismissed the claim as to Wimberly and Western World, holding that Wimberly was not a partner in the business and that Western World had no coverage by reason of a policy exclusion for claims arising out of assault and battery.
Plaintiff has appealed, contending that the trial court erred in failing to give judgment against Wimberly and Western World. Chaisson and Veillon answered the appeal, contending that the judgment against them was contrary to the law and the evidence and, in the alternative, that the award of $25,000 was grossly excessive. Western World also answered the appeal, contending that, in the event the decision of the trial court is reversed as to insurance coverage, the judgment against Chaisson and Veillon is contrary to the law and the evidence, and, in the alternative, that the award is grossly excessive.
We find that the issues are framed by the various contentions of the parties as follows:
(1) Was Wimberly a partner in the lounge operation?
(2) Was there insurance coverage?
(3) Did the trial court err in casting Chaisson and Veillon for damages?
(4) Is the award excessive?
Partnership Issue
We will treat the less-complicated issues first. As to the contention by plaintiff that Wimberly was a partner of Veillon, the record is almost completely devoid of any evidence to support plaintiff's allegation. The only piece of evidence to which plaintiff can point is the liability policy which was issued in the names of Veillon and Wimberly. However, this was explained by Veillon who testified that the lease (and his testimony is confirmed by the lease instrument itself which is contained in the record) required him to obtain liability insurance which would also cover his landlord, Wimberly, and he did so. There is no other evidence to support plaintiff's partnership theory, and there is *379 no manifest error in the trial court's resolution of this issue against plaintiff. Therefore, Wimberly was properly dismissed from the suit.
Damages Issue
The defendants, Veillon and Chaisson, contend that the amount of the award is excessive. This contention was not argued or briefed but merely raised in an answer to the appeal. We have no difficulty in finding that the award of $25,000 was within the "much discretion" of the trial court when the medical testimony, given by Dr. Richard Means, Jr., an orthopedic specialist, is considered. Dr. Means indicated that, as a result of the shattering type fracture of the tibia, plaintiff, a 30-year-old truck driver, has sustained a 20% total permanent disability, leaving him with permanent pain while running and engaging in strenuous activity or physical effort, and also leaving him with a permanent limp. LSA-C.C. art. 1934. Anderson v. Welding Testing Laboratory, Inc., (La.App., 1974) 294 So.2d 298.
Insurance Coverage
A somewhat more complicated issue is that of liability coverage. As noted, Veillon had obtained a libility insurance policy from Western World. This policy contained the following exclusion:
"Not withstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of Assault & Battery, whether caused by or at the instigation of, or at the direction of, the insured, his employees, patrons or any cause whatsoever."
Considering this policy exclusion, the question becomes: did plaintiff's injury arise out of assault and battery?
It is necessary to refer to the facts of the shooting to resolve this issue. The record establishes the following:
Plaintiff went to the lounge known as the Sportsman's Paradise Club, located near Vinton on U.S. Highway 90, at a late hour on December 1, 1971, because he had been told that his friend and supervisor, Duncan Smith, was inebriated, creating a disturbance, and in danger of being beaten by other patrons. Plaintiff went to the club with the avowed intent of persuading Smith to leave, but he was unable to do so and remained with Smith on the premises, to some extent joining the party. Plaintiff became embroiled with a female patron in an argument over a pool game and manhandled her. He also became involved in an argument with the barmaid over her refusal to serve him beer. The barmaid summoned the defendant, Willie Chaisson, to the premises from another establishment where he also worked as bouncer.
Chaisson arrived after a brief delay and ordered plaintiff and plaintiff's friend, Smith, to leave the premises. The evidence establishes that Chaisson was armed with a pistol but it is not clear whether he had the can of Mace (a tear-gas like substance) which later became involved in the proceedings.
It is reasonably well-established that plaintiff exited the door of the club first and was followed out by Smith, Chaisson and possibly other male patrons of the club. It is also reasonably well-established by the evidence that plaintiff, Smith and Chaisson engaged in grappling with one another, just outside the door, spraying Mace from a container into each other's eyes. Smith and some unidentified patron thereafter engaged in a severe fight. However, immediately after the pushing, shoving and spraying of mace at the door, plaintiff turned and was walking or running from the door. During the fracas at the door Chaisson drew his pistol from his holster and when plaintiff was some eight feet away Chaisson fired a bullet which struck plaintiff in the left leg.
*380 Thereafter, plaintiff observed his friend Smith being beaten by the unidentified patron of the lounge. Both Smith and plaintiff were left lying in the mud in the parking lot. After a considerable lapse of time, another unidentified individual took plaintiff and Smith from the parking lot and they eventually reached medical facilities.
Plaintiff makes the contention that Chaisson had no specific intent to shoot plaintiff and that, therefore, his injury did not arise out of assault and battery, within the contemplation of the insurance policy exclusion.
Considering the amount of force employed and the intent of Chaisson, the trial court made the following conclusions in its written opinion:
"This court is convinced that even if plaintiff was guilty of some aggression Willie Chaisson used more force than was reasonably necessary to eject him from the premises. Consequently, Mr. Chaisson and his employer, Joe Veillon, are liable for the damages sustained by plaintiff was (sic) a result of the use of such unnecessary force.
"Mr. Chaisson's unsupported testimony that the shooting was unintentional was not convincing. Since it constituted a battery and Western World Insurance Company's policy specifically excludes claims arising therefrom, the insurer is not liable under the facts of this case." (TR. 319-320)
We agree with the factual findings by the trial court. The record amply supports the conclusion that the force employed was excessive and that the shooting was intentional rather than unintentional. The historic distinction between assault and battery and negligence is that the former is intentional; the latter is unintentional. Shehee v. Aetna Casualty & Surety Co., 122 F.Supp. 1 (W.D.La., 1954).
Plaintiff attempts to show the requisite intent absent in the present case by arguing that the intent necessary for assault and battery must be broader than a mere desire to bring about physical results. Citing Prosser, Law of Torts, (West, 1964) pp. 31-32, plaintiff contends that the intent must extend to those consequences which are substantially certain to follow. We do not believe that this distinction is applicable in the present case. Our analysis of the record, and apparently that of the trial court, is that Chaisson, when he pulled his pistol and fired in the direction of the plaintiff, a mere eight feet away, must have entertained a desire to bring about the result which followed and should have believed that the result was substantially certain to follow.
As Dean Prosser wrote,
"The practical application of this principle has meant that where a reasonable man in a defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury or even by the court, as though he had intended it." Id. p. 32.
We believe that a reasonable man in Chaisson's position, would believe that hitting plaintiff with a bullet was a substantially certain result of firing a pistol at close range, although he testified in court that he did not intend to shoot plaintiff.
Therefore, we conclude that the injury to plaintiff arose out of an assault and battery; it might also be argued that the injury sustained by plaintiff arose out of the assault and battery which was going on between plaintiff, Smith, and Chaisson at the door of the lounge. We do not find it necessary to reach this argument since we have concluded that Chaisson's conduct constituted an assault and battery on plaintiff.
Therefore, we find no error in the trial court's finding that the exclusionary clause *381 of Western World's policy is applicable to the present claim and that Western World does not have insurance coverage.
Judgment Against Chaisson And Veillon
Also, we find no manifest error in the casting of Chaisson and Veillon. The trial court saw and heard the witnesses and determined that the force used by Chaisson was excessive and unjustified.
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." Canter v. Koehring Company, 283 So.2d 716, 724 (La., 1973)
Veillon is responsible for the tort of his employee.
For the above reasons, the judgment of the trial court is affirmed and costs are taxed to appellant.
Affirmed.