355 So.2d 561 (1978)
Johnny Buford RAMBIN
v.
Jefferson Davis WOOD et al.
No. 6295.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
*562 John G. Williams, Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Donald G. Horton, Coushatta, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Johnny Buford Rambin, plaintiff, filed this action in tort against Jefferson Davis Wood, and Wood's insurer, first named as Travelers Insurance Company, and later correctly identified as Charter Oak Fire Insurance Company, a member company of the Travelers group.
Rambin alleged that on March 2, 1973, he was riding a small lawn tractor in the yard of his residence when he was approached by Wood who pushed him, causing plaintiff to fall from the tractor. As a result, Rambin claimed he sustained contusions, three fractured ribs, muscle sprains, and pneumonia while hospitalized for his injuries.
Wood answered, denying liability. Charter Oak filed an exception of no right and no cause of action, which was overruled, and also answered denying coverage and liability.
Charter Oak principally contends that there is no coverage because the liability feature of its policy, as contained in section II, subsection 1, specifies that damages must be caused by an "occurrence" and section (h) page 6, provides: "`occurrence' means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured;"
After trial on the merits, the trial court found in favor of plaintiff against Jefferson Davis Wood and awarded $3,500 for personal injuries plus $170 in special damages. The claim against Charter Oak was dismissed for reasons set forth in the opinion of the trial court, as follows:

*563 "Charter Oak Insurance Company had previously issued a homeowners insurance policy to Mr. Wood. This policy contained an exclusionary clause which denied coverage for an occurrence which resulted in injury expected or intended from the standpoint of the insured. The shoving or pushing by Mr. Wood was intended, and although he might not have expected the resulting injuries to Mr. Rambin, the courts have consistently held that this type of exclusion applies and no coverage exists." (TR. 73).
Plaintiff has appealed,[1] contending that the trial court erred in dismissing his claim as to Charter Oak and that the trial court abused its discretion in awarding insufficient damages.
The latter specification of error can be disposed of summarily since the record reflects that the award of damages is within the much discretion accorded the trial court. LSA-C.C. art. 1934.
The other specification of error presents a much more serious issue. Essentially, the inquiry is whether the serious injuries sustained by plaintiff were expected or intended by Wood and, consequently, whether there is coverage under the Charter Oak policy.
The trial court made a factual finding on this point favorable to plaintiff, holding as quoted above, that Wood intentionally shoved or pushed Rambin but he "might not have expected" the injuries which resulted.
The incident occurred when Rambin was riding a small, 10 h. p. tractor and attempting to open a ditch about which he and the defendant had a dispute. Wood approached Rambin from the rear and either struck or pushed him on the shoulder, causing him to fall off the tractor. As he fell, Rambin turned off the machine but his foot or leg was caught under one of the wheels. Wood then assisted in rolling the tractor off Rambin and although the parties each contend that various words were exchanged either before or after the incident, the pushing or shoving constituted the only physical action of one toward the other.
The evidence reasonably supports the trial judge's conclusion that the shoving or pushing of the plaintiff by defendant was intentional but that the resulting injuries were not expected or intended.
Under these circumstances, the actions of the defendant can be described as negligent but do not constitute an intentional injury. Bourque v. Duplechin, 331 So.2d 40 (La. App. 3 Cir. 1976), writs denied, 334 So.2d 210 and 230.
Counsel for Charter Oak cite Monk v. Veillon, 312 So.2d 377 (La.App. 3 Cir. 1975), but the instant case is distinguished from Monk, which involved an assault or battery exclusion, because the holding there was that one intends what is substantially certain to follow. In Monk, the insured fired a pistol from about eight feet away at plaintiff. This Court held that the insured reasonably must have intended the result, that is, the bullet striking and injuring plaintiff. 312 So.2d 380.
Charter Oak's counsel also cite the First Circuit case of Kipp v. Hurdle, 307 So.2d 125 (La.App. 1 Cir. 1975), writ refused. Respectfully, we must disagree with the statement of our brothers (without citation of authority or other support) that:
"Even so, it is presumed that she [the insured] intended the consequences of her aggressive action." 307 So.2d 127.
Bourque and Monk, but not Kipp, are in accord with the Restatement of Torts 2d, Section 8A which defines intent as follows:
"The word `intent' is used throughout the Restatement of this Subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it."
The Louisiana cases emanating from this circuit are in accord with cases from other jurisdictions dealing with the policy exception *564 here at issue or an exception worded similarly. For example, in Caspersen v. Webber, 298 Minn. 93, 213 N.W.2d 327 (1973), the Supreme Court of Minnesota considered a case in which an irate patron had pushed a hatcheck girl and she fell against a metal rack. The patron admitted being angry and shoving the girl but denied an intent to harm her. In considering a policy which excluded coverage for bodily injury "caused intentionally", the court held that when the act itself was intended but the resulting injury was not, the exclusion had no application, and found coverage under the policy.
Also see State Farm Fire & Casualty Company v. Muth, 190 Neb. 248, 272, 207 N.W.2d 364 (1973), where the Supreme Court of Nebraska adopted the rule that for a policy exclusion such as the one involved in the instant case to be effective, an injury is either expected or intended only if the insured acted with the specific intent to cause harm to a third party. There the trial court had held that a youth who fired a b. b. gun from a slow-moving automobile, striking a schoolmate did not intend or expect to do bodily injury to the schoolmate, only intending to scare him. The trial court's conclusion was found to be reasonably supported by the evidence and the insurance was found to provide coverage.
We believe as did the Nebraska court that the rule adopted and applied in Bourque, Monk and the instant case:
". . . is the proper one and tends to promote the fulfillment of the reasonable expectations of the insured and the injured, and at the same time will tend to promote the public policy of excluding coverage where there is a deliberate intention to cause physical harm or where,. . . such intention must be attributed as a matter of law because the acts are of such a nature that the injury must necessarily be expected." 207 N.W.2d 367.
For the reasons assigned, the judgment of the trial court will be amended to give plaintiff judgment against Charter Oak Fire Insurance Company in addition to Jefferson Davis Wood.
It is therefore ordered, adjudged and decreed that the judgment in these proceedings of April 5, 1977 be reversed in part and that there be judgment in favor of plaintiff, Johnny Buford Rambin, and against the defendant, Charter Oak Fire Insurance Company, and against Jefferson Davis Wood, jointly and in solido, in the full sum of $3,500 general damages, plus $170 in special damages for a total judgment of $3,670, together with legal interest from date of judicial demand until paid.
It is further ordered, adjudged and decreed that the defendants, Jefferson Davis Wood and Charter Oak Fire Insurance Company are cast jointly and in solido for all costs in the trial court.
All costs on appeal are taxed against Charter Oak Fire Insurance Company.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.
NOTES
[1] Wood also appealed but he has not appeared through counsel and has not Filed a brief. His appeal will not, therefore, be considered.