362 So.2d 803 (1978)
Judith Lawrence, wife of/and Edward L. LAWRENCE
v.
Wilburn C. MOORE and Pat O'Brien's Bar, Inc.
No. 8840.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Levy, Smith & Gennusa, Thomas A. Gennusa, II, Adolph J. Levy, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and WICKER, JJ.
WICKER, Judge.
Plaintiffs, Judith Lawrence and her husband, Edward L. Lawrence, filed suit against Wilburn C. Moore and Pat O'Brien's Bar, Inc., together with their respective liability insurers, for damages suffered on October 18, 1973 when Moore struck plaintiff twice and caused Mr. Lawrence severe injury.[1]
State Farm Fire and Casualty Company, the liability insurer of Moore, filed a motion for summary judgment based on an exclusion from its policy of coverage of the incident sued upon. State Farm supported its motion with a certified copy of its policy and Moore's deposition. The trial judge took the matter under advisement and eventually rendered judgment in favor of the defendant insurer.
The exclusion from coverage upon which State Farm relies provides the policy does not apply:
"to bodily injury or property damage which is either expected or intended from the standpoint of the insured."
Plaintiffs argue defendant Moore was so intoxicated that he could not form the necessary intent to bring him within the quoted policy exclusion and urge the trial court committed error by granting a summary judgment in favor of the defendant insurer.
On October 18, 1973 plaintiffs went to Pat O'Brien's Bar in the New Orleans French Quarter and seated themselves in the piano lounge with two other persons. Mr. Lawrence then discovered a bag of green peppers on the floor under his table. Perhaps because of the alcohol Mr. Lawrence *804 imbibed, and perhaps in part brought about by the normal unrestrained atmosphere of Pat O'Brien's Bar, Mr. Lawrence began to throw the green peppers in the air, his primary target being the piano player performing at the time. Plaintiff threw a handful of peppers in an upward direction, and one struck defendant Moore in the eye. Moore punched Lawrence in the face, and punched him again after Lawrence regained his balance and turned toward Moore. Lawrence suffered a rather severe brain injury as a result of the blows.
Moore's deposition reveals clearly he had been drinking for most of the day and he was intoxicated when he arrived at the bar and when he hit plaintiff twice. In the deposition Moore admitted earlier in the day he consumed approximately six twelveounce cans of beer over a period of three hours. In addition, he did not remember having eaten supper that night. At approximately 10:30 p. m., he left the place where he had consumed the beer and went to the New Orleans French Quarter. He visited other places in the French Quarter before arriving at Pat O'Brien's, but he could not remember whether he had any additional drinks at those places. When he arrived at Pat O'Brien's, he had between two and four additional drinks over a period of 45 minutes to an hour.
Moore further testified as follows:
"Q. How many times did you hit him all told?
A. Twice.
Q. What hand did you use again?
A. Left.
Q. Did you hit him as hard as you could?
A. That's hard to say.
Q. Well
A. I don't know how hard I can hit.
Q. Right, I understand that. But when you decided you were going to strike him, was it your intention to hit him as hard as you could?
A. Perhaps. (emphasis added).
Q. On the evening of the incident before this occurred, were you able to speak intelligently, intelligibly?
A. Yes.
Q. Were you able to walk normally when you came into Pat O'Brien's?
A. Yes.
Q. You weren't staggering in any way, were you?
A. No.
Q. And at the time that you were involved in the altercation with Mr. Lawrence you had control over your arms and legs; they functioned the way you wanted them to, didn't they?
A. Yes." (emphasis added).
The law is clear that an insurer has the duty to prove the facts which it asserts exculpate it from liability under an exclusionary provision of its policy.[2] Furthermore, if there is any doubt, no matter how slight, as to any material fact, a summary judgment must be denied and the matter resolved in favor of a trial on the merits.[3] However, the law also provides that a motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories and other documents in the record show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.[4] In the present case the only evidence supplied the trial court was Moore's deposition and, as pointed out earlier, he readily admitted that while intoxicated he nevertheless knew what he was doing when he intentionally struck plaintiff. After reviewing Moore's deposition this court is of the opinion that the trial judge could reach no other conclusion than that Moore intended to strike the plaintiff. There exists not a scintilla of evidence in the record to the contrary. Indeed, if plaintiff possessed any evidence *805 whatsoever to even infer that Moore did not intend to strike the plaintiff, it should have been presented by affidavit or otherwise to the trial judge. No such evidence was presented and the evidence of Moore's intention stands uncontradicted.
The only Louisiana case cited by plaintiffs in which recovery was allowed under an exclusionary clause similar to the one in the present case is Nettles v. Evans.[5] In the Nettles case plaintiff was attacked by the defendant, who struck her on the head. Plaintiff broke free and as she attempted to escape the defendant fired a pistol in her direction. Plaintiff filed suit against defendant and his homeowners liability insurance carrier, and judgment was rendered after a trial on the merits against the insurance carrier in spite of the exclusionary clause in question. However, in the Nettles case the defendant had ingested both diet pills and alcoholic beverages on the day of the incident. The court held that the defendant insurer did not bear its burden of proving facts necessary to bring the situation within the exclusionary clause because the evidence that defendant was not so impaired as to destroy its conscious control of his actions was contradicted by evidence that defendant was in the grips of an hallucination at the time of the incident caused by a mixture of the alcohol and diet pills admittedly ingested by him.
The trial judge in this case could not go beyond the documents presented to him in connection with the motion for summary judgment. These documents, consisting primarily of Moore's deposition, clearly indicated that while Moore was intoxicated he possessed the necessary intent to commit a battery on the plaintiff. Faced with this evidence, the trial judge had little alternative but to render summary judgment in favor of the defendant insurer based on its exclusionary clause.
A similar result was reached in Terito v. McAndrew,[6] in which plaintiff, after drinking heavily for the greater portion of the evening, became involved in a fight in a bar with a patron he alleged insulted him. In this case there was no exacerbation of the symptoms of drunkenness by other drugs, and the court found that while the defendant was intoxicated, he nevertheless was not so intoxicated as to prevent him forming the intent to commit a battery.
In view of the facts presented the trial judge in connection with the motion for summary judgment, we hold he was correct in ruling defendant's actions in striking plaintiff twice in the face were intentional and consequently were excluded from coverage under defendant's policy.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

ON REHEARING
PER CURIAM.
On rehearing we have considered our original opinion in the light of Rambin v. Wood, 355 So.2d 561 (La.App. 3 Cir. 1978). In this case, Rambin was riding on a small lawn tractor from which he was pushed by Wood with the result that he sustained three fractured ribs, muscle sprain, and pneumonia while he was hospitalized.
Charter Oak Fire Insurance Company had issued a homeowners insurance policy to Wood insuring him for liability for an "occurrence" which was defined as an accident resulting in bodily injury, "`neither expected nor intended from the standpoint of the injured.'" The trial court held that Wood intentionally pushed Rambin off the tractor but the exclusion applied even though Wood might not have expected the resulting injuries to Rambin and Rambin's suit against Charter was dismissed. The Court of Appeal reversed, reasoning as follows:
"The evidence reasonably supports the trial judge's conclusion that the shoving or pushing of the plaintiff by defendant was intentional but that the resulting injuries were not expected or intended.

*806 "Under these circumstances, the actions of the defendant can be described as negligent but do not constitute an intentional injury. Bourque v. Duplechin, 331 So.2d 40 (La.App. 3 Cir. 1976) writs denied, La., 334 So.2d 210 and 230."
The court recognized that the decision was in conflict with Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir. 1975) writs refused, La., 310 So.2d 643. Significantly writs were not applied for in the Rambin case.
We have resolved to follow the Kipp case and recognize that there is a conflict between our circuit and the First Circuit on the one hand, and the Third Circuit on the other.
We reinstate our original opinion.
AFFIRMED.
NOTES
[1] Mrs. Lawrence's case has not yet been tried.
[2] See, for example, Denies v. First National Life Insurance Company, La.App., 144 So.2d 570.
[3] Morgan v. Matlack, La., 342 So.2d 167.
[4] LSA-C.C.P. Art. 966.
[5] La.App., 303 So.2d 306.
[6] La.App., 246 So.2d 235.