378 So.2d 189 (1979)
Julia LANGLOIS, Individually and on behalf of her minor son, James E. Lavigne
v.
John ESCHET.
No. 10456.
Court of Appeal of Louisiana, Fourth Circuit.
November 20, 1979.
Lemle, Kelleher, Kohlmeyer & Matthews, Albert H. Hanemann, Jr., New Orleans, for third party defendant-appellee.
Robert I. Broussard, Gretna, for defendant-third party plaintiff-appellant.
*190 Before REDMANN, LEMMON, GULOTTA, SCHOTT and BEER, JJ.
LEMMON, Judge.
In this suit to recover damages sustained by plaintiff's minor son when defendant punched him, defendant has appealed from a summary judgment dismissing his third party demand against his homeowner's insurer. The issue on appeal is whether those material facts which are undisputed entitle the insurer to judgment as a matter of law.
The petition alleged defendant ran up to plaintiff's son and without warning or provocation punched and beat him, causing injury. Defendant's answer alleged he was in his yard when plaintiff's son approached him in such a menacing and threatening manner that he had sufficient cause to take action to defend himself against the impending attack. Defendant also filed a third party demand, seeking indemnification from his homeowner's insurer for any amount for which he might be cast in judgment.
The insurer then moved for summary judgment, based on the following policy provision:
"This policy does not apply:

* * * * * *
"f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured."
Defendant's affidavit, filed in opposition to the summary judgment, stated "James E. Lavigne (plaintiff's son) rushed upon affiant in a menacing and threatening manner leading your affiant to believe with sufficient cause that affiant was about to be assaulted by the said James E. Lavigne, and that affiant had no intention of striking nor injuring the said James E. Lavigne".
On appeal the insurer argues that any dispute as to defendant's justification for punching plaintiff's son is relevant only to the issue of tort liability and that there is no genuine dispute as to the only issue of material fact, namely, whether defendant intended to hit plaintiff's son with the punch. This argument, however, fails to consider that the determination of what a party intended in acting under given circumstances depends upon a weighing of all the facts and circumstances surrounding the action. The summary judgment procedure is rarely appropriate for determinations based on subjective facts such as intent, motive, malice, knowledge or good faith. Hall v. Management Recruiters of New Orleans, 332 So.2d 509 (La.App. 4th Cir. 1976); Berger v. Fireman's Fund Ins. Co., 305 So.2d 724 (La.App. 4th Cir. 1974); Johnson v. Fairmont Roosevelt Hotel, Inc., 286 So.2d 177 (La.App. 4th Cir. 1973); Fontenot v. Aetna Ins. Co., 225 So.2d 648 (La. App. 3rd Cir. 1969).
The word "intended" is synonymous with having in mind as an end or aim, implying that the mind is directed to some definite accomplishment or end.[1] A result which is intended reasonably means one which is planned, contemplated or studied. Therefore, under a reasonable construction of the policy language favorable to the insured the exclusion should be applied only when the insured had a reasonable opportunity for adequate reflection on the consequences before acting in the manner which caused the damages.[2] Such a determination can hardly be made without a trial on the merits.
The cases relied upon by the insurer all involve judgments rendered after a trial on the merits. In Areaux v. Maenza, 188 So.2d 633 (La.App. 4th Cir. 1966) the insured, after a fist fight with plaintiff, chased plaintiff's car for three blocks and forced plaintiff's car into the ditch by driving into the side of the car. In Wigginton v. Lumberman's Mut. Cas. Co., 169 So.2d 170 (La. App. 1st Cir. 1964) the insured became impatient *191 when plaintiff blocked his exit from a parking place and deliberately backed his car into the obstructing vehicle. In both cases the insured clearly acted with improper motivation after an adequate opportunity to reflect on the consequences of his act, and each insured was viewed under the overall circumstances as having intended the damages.[3]
Since self defense was affirmatively pleaded, another argument implicit in the insurer's position is that the insured either acted in self defense (in which case neither the insured nor the insurer is liable) or acted intentionally (in which case the insured is liable, but the insurer is not, because of the policy exclusion). This argument, however, does not consider that other conclusions might be drawn once all of the material facts are presented at a trial on the merits.
For example, if the trial court concluded after trial that no danger existed and there was no basis for the insured to believe that it did, but that the insured in good faith believed a danger existed and acted accordingly, the insured might be said to have not intended the injury (and thus would not be liable for an intentional tort), but would be liable for negligent injury because of his unreasonable conduct under the circumstances, in which case the insurance policy might be held to provide coverage for his negligent act.
It is evident that the insured's plea of self defense should be determined only after a trial on the merits. The closely related issue of the policy exclusion for intended injury should likewise only be determined after a trial on the merits, when all of the surrounding facts and circumstances have been presented. Since the allegations of the petition and the facts shown in the affidavit do not unambiguously exclude coverage so as to entitle the insurer to judgment as a matter of law, the summary judgment was incorrectly granted.
Accordingly, the judgment of the trial court is reversed, and the summary judgment is denied.
REVERSED AND RENDERED.
GULOTTA, J., concurs and assigns reasons.
BEER, J., dissents and assigns reasons.
GULOTTA, Judge, concurring.
I concur with the result reached by the majority.
Plaintiff's petition alleges that defendant willfully, maliciously and without any warning, punched and beat petitioner. Defendant's answer sets forth that James Lavigne approached defendant suddenly and without warning in a menacing manner leading defendant to believe that he was about to be assaulted by Lavigne, and that defendant's action was solely to protect himself against the impending assault and battery by Lavigne. In a supplemental affidavit in opposition to the motion for summary judgment, defendant stated that he had no intention of striking nor injuring James Lavigne.
It appears from a reading of the petition, the answer and the supplemental affidavit, in opposition to the motion for summary judgment, that a genuine issue of material fact exists as to whether or not the defendant intentionally injured plaintiff. Until such a determination is made, after trial, a conclusion cannot be reached as to the applicability or inapplicability of the exclusionary clause of the policy.
Accordingly, I concur with the result reached by the majority, denying the motion for summary judgment.
*192 BEER, Judge, dissenting.
I respectfully dissent, being in disagreement with the majority opinion from the standpoint of both its content and its conclusion.
Whether or not Eschet "had sufficient cause to take action to defend himself against the impending attack" is totally immaterial to the issue at hand, as is any conjecture with respect to Eschet's "intent." I believe that the applicable policy provision is clear and unequivocable, that the trial court was correct in its ruling with respect thereto and should be affirmed.
NOTES
[1] Webster's Third New International Dictionary, Unabridged (1971).
[2] This reasoning is consistent with the apparent public policy consideration underlying the exclusion of insurance coverage for intentional torts, namely, that a person should not have advance protection against the consequences of his intentional wrongdoing.
[3] The insurer also cites Lawrence v. Moore, 362 So.2d 803 (La.App. 4th Cir. 1978), in which the insured punched plaintiff after being hit by a green pepper thrown by plaintiff. Interpreting a policy provision identical to the one in this case, this court affirmed a summary judgment based on the insured's complete deposition describing all of the facts and circumstances of the incident. After the Supreme Court granted a writ of certiorari, the parties compromised the claim. Nevertheless, even if we were inclined to follow the Lawrence case, that decision is not necessarily controlling in this case.