385 So.2d 1257 (1980)
Giselle COOPER
v.
Vera M. ANDERSON.
No. 11228.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Rehearing Denied August 5, 1980.
Steven M. Koenig, New Orleans, for plaintiff-appellant, Giselle Cooper.
Wilson F. Shoughrue, Jr., New Orleans, for defendant-appellee, Vera M. Anderson.
Dillon & Cambre, David M. Cambre, New Orleans, for defendant-appellee, Bellefonte Insurance Co.
Before SAMUEL, BOUTALL and BARRY, JJ.
BARRY, Judge.
Plaintiff Giselle Cooper was a tenant of defendant Vera Anderson. On the morning of March 1, 1978, Cooper was leaving her apartment when she met Anderson who requested entry into the premises for maintenance *1258 work. An argument ensued and Anderson pulled a handgun from her purse and allegedly threatened Cooper. The facts leading up to and during this incident are disputed by both parties. A second incident occurred later the same day but need not be considered for the reasons explained below.
Plaintiff sued defendant for damages alleging embarrassment, humiliation and mental anguish.[1] Defendant filed a general denial and further answered with her explanation of the incident. Subsequently, plaintiff joined the defendant, Bellefonte Insurance Company, as the insurer of Anderson under an Owner, Landlord, and Tenant policy in existence at the time of the incident. The insurer filed a general denial, then a motion for summary judgment based on the ground there was no genuine issue as to the material fact that the owner (insured) intentionally committed the alleged tort which would exclude coverage under the O.L.& T. policy. The District Court "reluctantly" granted the summary judgment from which the owner and tenant both appeal.
The appellee insurer urges that because the insured intentionally committed the alleged tort her action was clearly excluded from coverage. The policy covered property damage and bodily injury caused by an "occurrence" and arising out of the ownership, maintenance or use of the insured premises. The definition of "occurrence" in the policy provides:
"Occurrence means an accident ... neither expected nor intended from the standpoint of the insured;"
A resolution of this appeal is necessarily restricted to an examination of the pleadings. Plaintiff alleged that when she explained to the defendant she had to leave the premises temporarily, the defendant pulled a pistol from her purse, detained the tenant, and threatened her with bodily harm. This version of the incident was seriously questioned in defendant Anderson's answer which states in part:
"Plaintiff then made threats to defendant, the nature of which will be brought out at the time of the trial of this suit."
and
"That because of threats made by plaintiff... defendant ... took a pistol from her purse ..."
With this answer defendant affirmatively pleads self-defense to explain her action of utilizing the pistol.
The District Judge cited Lawrence v. Moore, 362 So.2d 803 (La.App. 4th Cir., 1978) as authority to grant the summary judgment. The decision in Lawrence was based on a deposition by the insured which described all of the facts and circumstances surrounding that incident, including the insured's intent to commit the battery sued upon. Here we only have the insurance policy and court records indicating that Mrs. Anderson pleaded guilty to a battery affidavit. The guilty plea standing alone without explanation has no probative value and can be considered after a trial on the merits.
Summary judgment is a very harsh measure which can be considered only after careful analysis of all facts found in the entire record. Courts should move with great caution where summary relief is sought because it effectively closes the door to a full hearing.
A well established principle in our law is that summary judgment cannot be granted where there is a material fact(s) in dispute. Odom v. Hooper, 273 So.2d 510 (La.1973); Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561 (La.1978). Where a determination of subjective facts are involved, such as motive, intent or good faith, summary judgment is rarely appropriate. Langlois v. Eschet, 378 So.2d 189 (La.App. 4th Cir., 1979) and cases cited therein.
What the tenant and landlord said, or did, or intended to do or not do, based upon the circumstances, is a matter of factual determination. Defendant Anderson's *1259 affirmative plea of self-defense raises a genuine issue as to a material fact, Sinclair Oil & Gas Company v. Delacroix Corporation, 235 So.2d 187 (La.App. 4th Cir., 1970); therefore, we find it unnecessary to review the conflicting allegations or to analyze our jurisprudence on accidental (responsive) versus intentional acts as they relate to insurance indemnification. These are matters which should be determined at a trial on the merits.
Accordingly, the judgment of the District Court granting summary judgment in favor of the defendant, Bellefonte Insurance Company, is reversed. This matter is remanded for further proceedings in the District Court. All costs of this appeal are to be paid by defendant-appellee Bellefonte Insurance Company.
REVERSED and REMANDED.
NOTES
[1] Plaintiff filed 31 detailed interrogatories which were never answered.