396 So.2d 441 (1981)
Joseph HORDE
v.
Gerald FOUCHA and Vanguard Underwriters Insurance Company.
No. 11648.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Rehearing Denied April 20, 1981.
*442 John T. Cooper, Cooper & Hingle, New Orleans, for defendant-appellant.
George O'Dowd, O'Dowd & O'Dowd, New Orleans, for plaintiff-appellee.
Before REDMANN and SCHOTT, JJ., and EDWIN R. HUGHES, Assigned Judge.
SCHOTT, Judge.
Defendant, Vanguard Underwriters Insurance Company, has appealed from a judgment pursuant to a jury verdict which awarded plaintiff, Joseph Horde, $108,000 damages for injuries he sustained when defendant, Gerald Foucha, shot him with a rifle. The essential issue is whether the jury committed manifest error in finding that liability coverage extended by Vanguard to Foucha in a homeowner's policy was excluded in this case by the terms of the policy.
The essential facts are not in dispute. Plaintiff had performed some brick-laying work for Foucha and went to Foucha's house on a Saturday morning to collect the balance due him for the job. Although there was some dispute as to the amount still owed, defendant admitted owing $45. Plaintiff rang the front doorbell of Foucha's house and was greeted by Mrs. Foucha. Thereafter, Foucha came out of the house armed with a rifle. Plaintiff turned around and walked toward his automobile parked on the street in front of the house and a nextdoor neighbor called to warn him that Foucha was preparing to shoot him. Plaintiff ran around the automobile to the driver's side chased by Foucha who fired three or four shots at plaintiff before striking him in his right arm. Plaintiff then managed to get into his automobile and was driven away by a companion. Vanguard's liability insurance policy provides that it does not apply:
"To bodily injury or property damage which is either expected or intended from the standpoint of the insured."
At the conclusion of the trial the case was submitted to the jury on special verdicts which included the following:
"3. We, the jury, find that VANGUARD UNDERWRITERS INSURANCE COMPANY, is not liable as the insurer of GERALD FOUCHA because the bodily injury of JOSEPH HORDE was expected or intended from the standpoint of GERALD FOUCHA and the exclusion provision of the policy of insurance is applicable. If answer is No, please continue.
4. We, the jury, find that VANGUARD UNDERWRITERS INSURANCE COMPANY is liable as the insurer of GERALD FOUCHA because of bodily injury of JOSEPH HORDE was not expected or intended from the standpoint of GERALD FOUCHA and the exclusion provision of the policy of insurance is not applicable."
The jury answered No to No. 3 and Yes to No. 4.
We are thus confronted with the jury's conclusion that Horde's bodily injury was not expected or intended from Foucha's standpoint even though Foucha chased after Horde firing a rifle at him and eventually struck him after firing three or four shots. Our constitutional duty to review the facts requires us to make a determination *443 that the record establishes that the finding is not clearly wrong in order to affirm this judgment. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
In attempting to circumvent the obvious conclusion that a man who shoots at another five times and then succeeds in striking him does expect or intend plaintiff to suffer bodily injury. Foucha relies on his own testimony to the effect that after plaintiff came to his door and asked for his money he started arguing and told Foucha that he was going to get him on the street; he started walking rapidly toward his car as if he was going to obtain something, so at this time Foucha ran to the closet to get a weapon. His testimony continued:
"I loaded it up, and that was when I started to shoot.
Q. When he turned away from you, while you and he were outside, he turned away and walked away with his back towards you, did he not?
A. I don't think. I think he was facing me. I can't remember exactly, but I think he was facing me.
Q. And he went toward what part of the vehicle?
A. I think the driver's side. I can't remember exactly.
Q. Now, did you have a gun in your hand at this time?
A. Yeah, I had the gun after he made the statement he made that was when I got me a gun. When he was heading toward his car I thought he was going to his trunk. He was in the back of his car. After he seen me with the gun that is when he ran around the other side. When I come out, I was afraid. I was so afraid, I thought the man was going to get something. And I come out and I started shooting. (crying) I didn't mean to hurt the man really. I ain't never wanted to hurt nobody.
Q. Did you intend to shoot him, Mr. Foucha?
A. No, sir.
Q. Did you expect from your shooting that you would hit him, hurt him, or harm him?
A. No, sir. I just, I don't know what I was thinking. My mind was all messed up. I was so afraid. I thought the man was trying to hurt me. I don't know.
Q. Did you at that time, Mr. Foucha, know as a fact you had struck him with a bullet?
A. Yes, sir.
Q. Do you know how many shots you had fired?
A. About three, four.
Q. Prior to that time, had you ever fired the rifle?
A. No, sir."
Foucha argues that this testimony is sufficient to provide the jury with a basis to conclude that he did not expect or intend plaintiff to suffer bodily injury.
While we might give Foucha the benefit of every doubt in conceding that he may have been afraid and momentarily carried away, its strains our credulity to suppose that this defendant who fired on an unarmed plaintiff several times and finally struck him, when plaintiff was off of his premises and attempting to get into his automobile, did not intend to hurt him. We add that there is nothing in this record to suggest that defendant is mentally incompetent or was under the influence of alcohol or drugs at the time this incident occurred.
Additionally, the jury verdict is inconsistent with all of the decisions interpreting this kind of an insurance policy exclusion.
In Lawrence v. Moore, 362 So.2d 803 (La. App. 4th Cir. 1978), we held that a similar exclusion prevented coverage as to a defendant who struck plaintiff with his fist. In that case, plaintiff attempted to show that defendant was intoxicated preventing him from having the requisite intent but the evidence of the intoxication was insufficient. In the case we found a conflict with Rambin v. Wood, 355 So.2d 561 (La.App. 3rd Cir. 1978), but we do not even find the same conflict in the instant case.
*444 In the Rambin case the court focused its attention on the question of whether serious injuries sustained by plaintiff were expected or intended by the defendant who simply pushed plaintiff causing him to fall from a tractor. The court there concluded that the evidence reasonably supported the trial judge's conclusion that the shoving or pushing of plaintiff by defendant was intentional but that the resulting injuries were not expected or intended. The court further characterized defendant's actions as negligent but not "an intentional injury." Significantly, the court distinguished the Rambin case from Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir. 1975), with the following language:
"... but the instant case is distinguished from Monk which involved an assault or battery exclusion, because the holding there was that one intends what is substantially certain to follow. In Monk, the insured fired a pistol from about eight feet away at plaintiff. This court held that the insured reasonably must have intended the result, that is, the bullet striking and injuring plaintiff. 312 So.2d 380."
As we might paraphrase language of the Rambin case, this insured, Foucha, must have intended one of his bullets to strike plaintiff after chasing after him and firing several times in his direction.
Plaintiff has cited Dofflemyer v. Gilley, 384 So.2d 435 (La.1980), but that case is clearly distinguishable. There Gilley was operating his automobile in a reckless manner and ran over plaintiff, but the court was satisfied that the act was unintentional from such circumstances as the prior friendship between the parties, defendant's denial that he intended to strike plaintiff and the fact that plaintiff had placed himself directly in the path of defendant's oncoming speeding vehicle in an attempt to stop the vehicle. In this case, as in Rambin, some reasonable doubt existed as to defendant's intention to injure plaintiff, but in the instant case, as in the Monk case, no such doubt could exist in the reasonable minds of this court or the jury. In effect, the jury committed manifest error and we reverse on that basis.
In view of our conclusion, it is unnecessary to address the other issues raised in this case.
That part of the judgment in favor of plaintiff, Joseph Horde, and against Vanguard Underwriters Insurance Company, is reversed and set aside and there is judgment in favor of Vanguard Underwriters Insurance Company and against plaintiff Joseph Horde, dismissing his suit at his cost. The costs of this appeal are assessed against plaintiff.
REVERSED IN PART AND RENDERED.