GUIDRY, Judge.
The plaintiff, Charles Hebert, brought this suit to recover damages resulting from injuries he sustained in a barroom altercation with the defendant, Floyd Burton. Made defendants were Burton and his liability insurer, St. Paul Fire and Marine Insurance Company. St. Paul denied coverage, claiming that the injuries suffered by Hebert were intentionally inflicted by Burton. Burton filed a third party demand against St. Paul for indemnification of any amounts he should pay Hebert as a result of the lawsuit.
Hebert settled his claim against Burton for $9,000.00 plus court costs. The third party demand of Burton against St. Paul proceeded to trial. The trial judge found that the injury sustained by Hebert was not covered by the policy and dismissed Burton's claim for indemnification. Burton appeals.
On the evening of December 15, 1980, Burton and a companion, Steve Sittig, were in the lounge at Papania’s Restaurant in Lake Charles, Louisiana. Sometime after their arrival, Hebert entered the lounge and took a seat at the bar. Hebert and Burton had been friends and business partners years before, but their relationship had deteriorated, beginning when Burton dated and subsequently married Hebert’s ex-wife.
Hebert testified that Burton approached him at the bar and asked if they could renew their friendship. Hebert was not interested in speaking to Burton and asked to be left alone. Burton replied that if they *1110 could not be friends, they would have to fight. At this point, Burton struck Hebert, and both men fell to the floor. Hebert testified that Burton struck him at least one more time after the initial blow.
Hebert’s testimony is corroborated by the two musicians who were performing in the lounge when the incident occurred. James Smith testified that he saw Burton lunge at Hebert, knocking him to the floor. He stated that the fight was started by Burton and that Hebert did nothing to provoke the attack. Phil Scott stated that, although he did not have a clear view of the incident, he was able to see that Burton started the fight, with no provocation from Hebert.
Burton testified that he approached Hebert at the bar because he thought Hebert wanted to talk. According to Burton, Hebert responded to his offer of friendship by cursing him and making a “gesture” with his left hand. At this point the two men grabbed each other and fell to the floor. Burton stated that no punches were thrown in the incident. Burton’s companion, Steve Sittig, also testified that the two men grabbed each other and fell to the floor, and that no punches were thrown.
As a result of the altercation, Hebert suffered a fractured left wrist, a black eye, and a skinned nose. His left wrist was placed in a cast for five weeks. He continued to experience pain in the wrist following the removal of the cast.
The policy of liability insurance issued to Burton contains the following provisions:
“The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence . ..
“occurrence” means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured.”
With this language, the policy excludes coverage when the bodily injury is “expected” or “intended” by the insured.
Burton relies on the case of Rambin v. Wood, 355 So.2d 561 (La.App. 3rd Cir.1978), where this court interpreted a similar exclusion in a policy of liability insurance. In Rambin, the defendant, Wood, shoved the plaintiff, Rambin, while the latter was riding a small lawn tractor. The trial court in that case found that Wood’s act, shoving Rambin, was intentional, but that the severe injuries that resulted were neither expected or intended. This court held that the policy exclusion did not apply, since the injury was not “expected or intended from the standpoint of the insured”.
The instant case is factually distinguishable from Rambin v. Wood, supra. In Rambin, the policy exclusion did not apply because there was no intent to cause injury. The trial judge in the instant case found that Burton actually intended to inflict injury upon Hebert. In his reasons for judgment, the trial judge stated:

“The question presented for determination by the Court is a factual one, and that is whether or not Mr. Burton intended to cause the wrist and other injuries to Mr. Hebert. I’m convinced in my review of the testimony that Mr. Burton intended to harm Mr. Hebert in some way when he either struck or lunged upon him. They had been friends for some time years before but had been enemies for several years. Hebert did nothing to provoke the attack and to conclude that Mr. Burton had no intention to hurt Mr. Hebert when he attacked him is incredulous. Certainly bodily injury, whether an injured wrist or another part of the body, was substantially certain to result from the actions taken by Hebert and he or any other reasonable person would in the Court’s opinion have realized this.” (TR. pp. 149-150)

This factual finding is well supported by the record and is not clearly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. *1111 3rd Cir.1975), writ refused, 310 So.2d 641 (La.1975).
In light of the factual determination, the policy exclusion clearly applies, since bodily injury was “expected or intended” by Burton, the insured. The trial judge was correct in dismissing Burton’s demand for indemnification.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to third party plaintiff-appellant.
AFFIRMED.