598 So.2d 584 (1992)
Delmar R. SIMPSON, et al.
v.
Chris Albert ANGEL and Debra Ann Castanza Angel, et al.
No. 91-CA-1078.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1992.
Randell E. Treadaway, O'Neil, Eichin, Miller & Breckinridge, New Orleans, for plaintiff-appellant.
Christopher E. Lawler, Donovan & Lawler, Metairie, for defendants-appellees.
Before SCHOTT, C.J., WARD, J., and EASON, J. Pro Tem.
ALVIN RUDY EASON, Judge Pro Tem.
This matter arises out of a motion for summary judgment granted in the Civil District Court in favor of appellee, Allstate Insurance Company, concerning coverage of the homeowners insurance policy it issued to defendants, Chris and Debra Angel.
The situation factually is based on an incident where the minor son of the defendant/appellant, Chris Albert Angel, hit the plaintiff's son, Kevin Ray Simpson. The facts are not in question. The issue is one of law as to whether the insurance contract of appellee excludes coverage for the intentional act.
The part of the policy which is at issue is under "Family Liability and Medical Protection". The policy provides in pertinent part:
Losses we do not Cover:
I. We do not cover bodily injury or property damage resulting from:
a. an act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury is of a different kind or degree, or is sustained by a different person or property, than that intended or expected....
*585 The term "insured person" is defined to include the name insured, Mr. & Mrs. Angel, and relatives who reside in their household. Their son Chris lives at their home.
At his deposition Chris Angel testified as follows:
Q. Did you punch Kevin Simpson?

* * * * * *
A. Yes, I did.

* * * * * *
Q. What did Kevin do?
A. Saw him looking at me funny.

* * * * * *
A. He was just staring

* * * * * *
A. Kevin called me a S.O.B.

* * * * * *
A. I hit him twice.

* * * * * *
A. I intended to hit him.

* * * * * *
A. I was defending my self.
A. (I) hit him in a second blow.
The argument of plaintiff/appellant is that Chris Angel did not intend to fracture Kevin Simpson's eye or any of the bones in the face of Kevin Simpson. The tortfeasor takes his victim as he finds him.
The clear language of the insurance policy cited herein above shows that an act intended or expected to cause bodily injury is not covered. To say that a person who throws two punches at another person does not intend to cause bodily harm is to overlook the obvious. Punches or blows are intended to put the other person in pain and/or fear.
The fact that the injury or pain is much more severe than the puncher intended does not exclude the blow from the exclusion intended in the policy.
The plaintiff/appellant cites Cavalier v. Suberville and Allstate Ins. Co., 592 So.2d 506 (La.App. 5th Cir.1991) to the effect that one punch that broke the victim's facial bones was covered in policy language to-wit:
"We do not cover any bodily injury or property damage reasonably expected from the intentional or criminal acts of any insured person."
In that case, the court evidently found that the puncher "did not intend to inflict serious injury and he felt bad about it." Later the puncher apologized to the victim's mother and stopped by one time and apologized to the victim. This is akin to Lizzie Borden saying, "sorry about that, mommy dear" and as aforesaid the tortfeasor takes his victim as he finds him.
The purpose of the intentional acts exclusion is to prevent an insured from acting wrongfully with the security of knowing that his insurance company will "pay the piper" for the damages. Breland v. Schilling, 550 So.2d 609, (La.1989). In that case, the policy language excluded bodily injury "which is expected or intended from the standpoint of the insured."
The policy in Breland is much more broad and ambiguous than the policy language in this case. The clear incisive language of the instant policy is "any act or omission intended to cause bodily injury...". and does not include bodily injury expected or intended from the standpoint of the insured.
In Bazley v. Tortorich, 397 So.2d 475 (La. 1981), the court differentiated between acts of fault. An offense requires an intention to injure and quasi offenses are done without intention to harm.
"It seems clear that, in the absence of language expressing a contrary meaning, an act involves an exercise of the will. It signifies something done voluntarily." Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195 (La.1935).
Here the punch was an act of will intended to inflict pain and/or injury on the victim in order that he will desist from an offensive activity, real or imagined to the puncher.
In this case, it is significant that the defendant's son, Chris, took two punches at the victim, Kevin. One punch, arguendo might be unintentional, but two punches certainly indicate an intention to cause bodily *586 harm to the victim. The second punch did the serious damage.
A motion for summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. L.S.A.-C.C.P. art. 966; Penalber v. Blount, 550 So.2d 577 (La.1989). Under the facts and law of this case, it is clear that there are no genuine issues of material fact. The policy language clearly excludes all intentional acts of an insured including the intentional acts of defendant's son which are the subject of this litigation.
Accordingly, the judgment of the trial court is hereby affirmed. All costs to be borne by plaintiffs/appellants.
AFFIRMED.
SCHOTT, C.J., concurs in the result.