772 So.2d 805 (2000)
William A. SPERLI
v.
Francis GUITERREZ and Allstate Insurance Company.
No. 00-CA-1089.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 2000.
Steven M. Lozes, Lozes & Cambre, New Orleans, Louisiana, for defendant-appellant, Francis Guiterrez.
G. Patrick Hand, Jr., Patrick McGinity, The Hand Law Firm, APLC, Gretna, Louisiana, *806 for plaintiff-appellee, William A. Sperli.
Christopher E. Lawler, W. Richmond Beevers, Metairie, Louisiana, for defendant-appellee, Allstate Insurance Company.
(Court composed of Judges CHARLES GRISBAUM, Jr., C.J., JAMES L. CANNELLA, J., and JAMES C. GULOTTA, Judge Pro Tempore).
GRISBAUM, Chief Judge.
Defendant, Francis Guiterrez, appeals the trial court's judgment granting his insurer's (Allstate Insurance Company) motion for summary judgment under the intentional act exclusion in his homeowner's policy. We affirm.

ISSUE
We are called upon to determine 1) if a genuine issue of material fact exists as to whether the intentional act exclusion of Mr. Guiterrez's homeowner's policy precludes coverage here and; 2) whether or not Allstate Insurance Company is obligated to defend Mr. Guiterrez insofar as Mr. Guiterrez denies the allegations raised by Mr. Sperli in his petition.

FACTS AND PROCEDURAL HISTORY
This appeal arises from an altercation between the plaintiff, William Sperli, and the defendant, Francis Guiterrez, in which the defendant shot the plaintiff. Mr. Sperli rented an apartment from Mr. Guiterrez in his house. On November 23, 1993, Sperli and Guiterrez were watching a football game in Guiterrez's house. After the game, they decided to go to the River Shack bar and play pool. They stayed at the River Shack until approximately 1:30 a.m. They then proceeded to go home with Guiterrez driving.
Guiterrez and Sperli's version of events that occurred once they returned to the house differ. Guiterrez stated in his deposition that, when they returned to the house Sperli was yelling profanities at him, calling him vulgar names, and threatening him. He further stated that Sperli swung at him and hit him in face. Guiterrez then took a defensive posture and tried to hit Sperli but was unable. Sperli eventually left Guiterrez lying on the ground and went inside. Guiterrez, at this point, went into the house to find a spare pair of glasses, because the ones he was wearing had fallen off, and to grab his pistol. Guiterrez then returned to the back of the house to search for his glasses. Sperli stepped out of his apartment to where Guiterrez was and began verbally assaulting and threatening him again. Guiterrez alleges that Sperli threatened to kill him and to burn down the house. Guiterrez said he threatened to call the police and that Sperli then took a step towards him to hit him again. At this point, Guiterrez retrieved his gun, which was in his waistband, and shot Sperli.
Sperli's version of events is as follows. Sperli alleges that Guiterrez was trying to start a fight and was arguing with him. Sperli kept telling Guiterrez to leave him alone but Guiterrez kept pushing to start a fight. Guiterrez went into Sperli apartment and was going to take his cable box. They scuffled some at this point and then Guiterrez quit and went into his house. Guiterrez then returned to Sperli's apartment waving a gun. Sperli stated that the next thing he knew he heard a bang and realized that Guiterrez had shot him.
Sperli filed suit against Guiterrez and his homeowner's insurance company, Allstate Insurance Company. Sperli alleged in his petition that suddenly and without warning a pistol which the defendant was holding accidentally discharged causing a bullet to strike your plaintiff in his stomach. Allstate filed a motion for summary judgment alleging that Guiterrez fired the pistol intentionally, and thus coverage was precluded under his policy's intentional act exclusion. The trial court granted Allstate's motion for summary judgment and dismissed Allstate from the lawsuit.

*807 LAW AND ANALYSIS_____ISSUE ONE

Appellant, Francis Guiterrez, contends the trial court erred in granting Allstate's motion for summary judgment because a genuine issue of material fact exists as to whether he shot Sperli accidentally or intentionally, and, ultimately whether the intentional act exclusion applies. He relies on the fact that Sperli and Guiterrez's versions of how the shooting occurred differ. An appellate court reviews a summary judgment de novo, applying the same standard as the trial court. Hewitt v. Allstate Ins. Co., 98-0221 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120. The mover must show that no genuine issues of material fact exist and that it is entitled to judgment as matter of law. La.Code Civ. P. art. 966.
General liability insurance policies generally include specific exclusions for injuries intentionally inflicted. The intentional act exclusion in Guiterrez's homeowner policy states:
Losses We Do Not Cover:
1. We do not cover bodily injury or property damage resulting from:
(a) an act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected; or
(b) an act or omission committed by an Insured person while insane or while lacking the mental capacity to control his or her conduct or while unable to form any intent to cause bodily injury or property damage. This exclusion applies only if a reasonable person would expect some bodily injury or property damage to result from the act or omission.
The purpose of the intentional acts exclusion is to prevent an insured from acting wrongfully with the security of knowing that his insurance company will `pay the piper' for the damages. Simpson v. Angel, 598 So.2d 584, 585 (La.App. 4 Cir.), writ denied, 605 So.2d 1091 (La.1992) (citing Breland v. Schilling, 550 So.2d 609 (La.1989)). The Louisiana Supreme Court has held that,
An injury is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to the result.
Pique v. Saia, 450 So.2d 654, 655 (La. 1984); Barton v. Allstate Ins. Co., 527 So.2d 524, 526 (La.App. 3 Cir.), writ denied, 532 So.2d 157 (La.1988).
This state's jurisprudence provides that the intentional act exclusion applies when the insured acts intentionally in self-defense. Hewitt, 726 So.2d at 1123 (citing Simpson v. Angel, 598 So.2d 584 (La.App. 4 Cir.), writ denied, 605 So.2d 1091 (La. 1992)); Barton, 527 So.2d at 526. The courts have rationalized that the aggressive act of pulling out a loaded gun and firing it supports the conclusion that the defendant intended the result that was almost certain to occur. Barton, 527 So.2d at 526 (citing Vascocu v. Singletary, 434 So.2d 597 (La.App. 3 Cir.1983); Tobin v. Williams, 396 So.2d 562 (La.App. 3 Cir. 1981); Monk v. Veillon, 312 So.2d 377 (La.App. 3 Cir.1975); Brasseaux v. Girouard, 269 So.2d 590 (La.App. 3 Cir.1972), writs denied, 271 So.2d 262 (La.1973); Horde v. Foucha, 396 So.2d 441 (La.App. 4 Cir.), writ denied, 401 So.2d 976 (La.1981); Freeman v. Bell, 366 So.2d 197 (La.App. 2 Cir.1978), writ denied, 369 So.2d 151 (La. 1979)).
After careful review of the record, we find the trial court correctly found that Guiterrez intentionally shot Sperli, and, thus that the intentional act exclusion applies. Guiterrez, the defendant, stated in his deposition that he pulled out his gun and shot Sperli, who did not have a weapon. *808 From this statement, we can come to no other conclusion than Guiterrez knew or was substantially certain that he was going to cause Sperli bodily injury and thus of the consequences to follow from his act. Moreover, Guiterrez also stated in his deposition that he left Sperli to go get his gun in case he needed it. Instead of remaining in his room away from Sperli, Guiterrez went back downstairs in an area very close to Sperli's apartment. This further shows that he had the intent to shoot and injure Sperli. We note that Guiterrez's use of a gun was excessive considering Sperli had no weapon. Based on the foregoing, we find Guiterrez's self-defense exception argument to the intentional act exclusion lacks merit.
Appellant also contends that summary judgment should not have been granted because his version of events differs from that of Sperli; thus, genuine issues of material fact exist. We disagree. Intent, the intentional act exclusion, is determined from the standpoint of the one who acts. Guiterrez clearly stated in his deposition that he consciously pulled out his gun and shot Sperli. This clearly shows that the act was intentional. Moreover, even if Sperli's account was accurate, we would still find that the intentional act exclusion applies. According to Sperli's version, Guiterrez left to get his gun, came back into Sperli's apartment, and began waving the gun around in a threatening manner. This aggressive action supports a conclusion that Guiterrez intended the result which was almost certain to follow. See Tobin v. Williams, 396 So.2d 562, 565 (La.App. 3 Cir.1981) (citing Monk v. Veillon, 312 So.2d 377 (La.App. 3 Cir.1975); Kipp v. Hurdle, 307 So.2d 125 (La.App. 1 Cir.1974), writ denied, 310 So.2d 643 (La. 1975)). Thus, we find it clear under either version that the intentional act exclusion applies; therefore, Allstate has no obligation to defend Guiterrez. Accordingly, we find no genuine issue of material fact exists and thus the mover has shown that it is entitled to judgment as a matter of law.
For the reasons assigned, we affirm the trial court's judgment. We order the parties to bear their own costs of this appeal.
AFFIRMED.